THE STATE, EX REL. GENERAL MOTORS CORP., CHEVROLET
MOTOR DIV., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO,
APPELLEE.

(No. 77-1047—Decided June 14, 1978.)

334

*Baughman & Associates Co., L. P. A.,* and *Mr. Alan Harlan,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee.

*Per Curiam.* Appellant's claim of abuse of discretion cites the last sentence of the first paragraph of R. C. 4123.-57(B), which reads: "No application for subsequent percentage determinations on the same claim for injury or occupational disease shall be accepted for review by the district hearing officer unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination."

Appellant contends that medical opinion which differs only on the basis of increase in numerical percentage from that previously awarded is not "substantial evidence of new and changed circumstances" so as to justify either review of an application for increase or a determination of increase in percentage of permanent partial disability. Appellant urges further that the progression or degeneration in physical condition must be evidenced by demonstrable medical or clinical findings beyond subjective opinions as to numerical percentages of disability.

The basis for appellant's argument is language, now deleted, in former R. C. 4123.57(B), which read, in part, "in no instance shall this commission modify its former order unless it finds from such medical or clinical findings

that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent disability."

This statutory language, although effective until January 17, 1977, was not so restrictive of the phrase "substantial evidence of new and changed circumstances," found in both the 1973 and 1977 versions of R. C. 4123.57(B), so as to negate the consideration of disability percentage estimates by physicians resulting from their own evaluation of complaints and objective medical or clinical findings.

R. C. 4123.57(B) requires determination of percentage of permanent disability, and a medical report or reports concluding percentage increases, beyond percentages previously reported in connection with the original claim, is not an improper consideration under R. C. 4123.57(B) of "new and changed circumstances developing since the time of the hearing on the original or last determination."

For reason of the foregoing, the judgment of the Court of Appeals denying the writ of mandamus is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.