THE STATE, EX REL. BASHAM, APPELLEE, *v.* CONSOLIDATION COAL COMPANY, APPELLANT, ET AL.

[Cite as State, ex rel. Basham, *v.* Consolidation Coal Co. (1989), 43 Ohio St. 3d 151.]

(No. 88-349—Submitted March 28, 1989—Decided June 7, 1989.)

*Cranston & Brian Co., L.P.A.,* and *Richard F. Brian,* for appellee.

*Hanlon, Duff & Paleudis Co., L.P.A.,* and *John G. Paleudis,* for appellant.

*Per Curiam. State, ex rel. Stephenson,* v. *Indus. Comm., supra,* reaffirmed the distinction between "impairment" and "disability," holding that the commission, in deciding applications for permanent total disability compensation, must consider "claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record." *Id.* at 173, 31 OBR at 374, 509 N.E. 2d at 951. *Stephenson* held that an order of permanent and total disability issued by the commission must indicate that these additional factors were considered, and the court remanded for further consideration an order that failed to so indicate.

Appellant alleges that a claimant must, prior to a hearing on a perma-

nent total disability application, affirmatively assert the relevant nonmedical disability factors on which he or she intends to rely. Appellant contends that a claimant's failure to do so essentially amounts to a waiver of the claimant's right to rely on those factors and thus forecloses the commission from considering them. For the reasons to follow, we find this argument unpersuasive.

*Stephenson* holds that the commission *must* consider nonmedical disability factors. It contains no language suggesting that the commission's duty is initiated or negated by any act or omission of a claimant. It places an affirmative duty on the commission to consider relevant disability evidence within the record regardless of whether it is presented by a claimant.

Appellant's reliance on Ohio Adm. Code 4121-3-15(G)(1) and (2) is also misplaced. Ohio Adm. Code 4121-3-15 (G)(1) requires all applications for permanent total disability compensation to "be accompanied by *medical* evidence to support * * * [them]." (Emphasis added.) Ohio Adm. Code 4121-3-15(G)(2) provides that "[a] copy of the application with supporting proof is to be mailed to the employer." Reading these sections together, we find "supporting proof" to refer only to the medical evidence alluded to in Ohio Adm. Code 4121-3-15(G)(1).

Appellant also cites Ohio Adm. Code 4123-3-09(C)(3), which places the burden of proof "upon the claimant * * * to establish each essential element of the claim by [the] preponderance of the evidence." Appellant, however, improperly equates a claimant's failure to assert nonmedical disability factors with a bare allegation of disability without *any* accompanying proof, medical or otherwise. A claimant who offers *no* evidence of an inability to engage in sustained remunerative employment clearly has failed to sustain his or her burden of proof. This is not necessarily true, however, where a claimant submits medical evidence of permanent and total impairment without having presented pertinent nonmedical disability information.

Appellant incorrectly asserts, *arguendo*, that the commission implicitly considered the relevant nonmedical factors since that information was contained in a statement of facts prepared for the commission by its legal staff for this claim. There is, however, no evidence that the commission based its decision on this statement of facts. The order denying permanent total disability compensation indicated that it was based solely upon Dr. Brown's report. Under *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721, it cannot be assumed that the commission relied on any evidence not specifically referenced on the face of the order.

Appellant's second proposition of law raises due process and equal protection considerations. These issues, however, were not raised in the court below, and are thus considered waived. *State, ex rel. Gibson,* v. *Indus. Comm.* (1988), 39 Ohio St. 3d 319, 530 N.E. 2d 916.

Based upon the foregoing, the judgment of the appellate court is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.