THE STATE, EX REL. CASPER, APPELLANT, *v.* MCGRAW EDISON SERVICE ET AL., APPELLEES.

[Cite as State, ex rel. Casper, *v.* McGraw Edison Service (1989), 47 Ohio St. 3d 113.]

(No. 88-1307 — Submitted October 17, 1989 — Decided December 27, 1989.)

*Michael J. Muldoon,* for appellant.

*Schottenstein, Zox & Dunn Co., L.P.A.,* and *Robert D. Weisman,* for appellee McGraw Edison Service.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl. H. Wayman,* for appellee Industrial Commission.

*Per Curiam.* A commission order may be corrected by mandamus only where an abuse of discretion exists. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9, 58 O.O. 2d 66, 278 N.E. 2d 34. Upon review, we find that the commission did not abuse its discretion in dismissing appellant's application for increased permanent partial disability compensation.

Under R.C. 4123.57(A), a district hearing officer makes an initial partial disability determination. If a claimant is dissatisfied, he or she may apply for reconsideration of the award within ten days of receiving the district hearing officer's order. If reconsideration is not requested, the percentage of disability may be increased only upon subsequent application by the claimant. However, the statute also provides:

"No application for subsequent percentage determinations on the same claim for injury or occupational disease shall be accepted for review by the district hearing officer *unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination.*" (Emphasis added.)

Appellant's application for an increase in her award was accompanied only by Dr. Cameron's July 22, 1986 report. Appellant's initial permanent partial disability hearing, however, was on July 30, 1986. Regardless of its content, a medical report that *predates* the original permanent partial disability determination is not substantial evidence of new and changed circumstances occurring thereafter. The commission was thus correct in dismissing appellant's application for an increase in her award.

Appellant's reliance on *State, ex rel. General Motors Corp.*, v. *Indus. Comm.* (1978), 54 Ohio St. 2d 333, 8 O.O. 3d 348, 376 N.E. 2d 1332, is misplaced. That case merely reiterates R.C. 4123.57(B)'s, now 4123.57(A)'s, evidentiary requirement. It contains no language suggesting that the relevant evidence submitted by the claimant in that case predated the earlier partial disability determination.

Appellant also alleges that the commission failed to consider nonmedical disability factors as required by *State, ex rel. Bouchonville,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 50, 521 N.E. 2d 773. This contention, however, is irrelevant to the issue before us — whether Dr. Cameron's report was substantial evidence of new and changed circumstances occurring after appellant's initial partial disability hearing.

Moreover, the second district hearing officer's alleged failure to consider nonmedical factors is irrelevant since that order was properly negated by the commission's dismissal of appellant's application for an increase in her award. Similarly, any alleged failure at the July 30, 1986 hearing is also irrelevant since appellant did not contest that order and it is not at issue. Finally, the commission cannot consider nonmedical factors if the claimant fails to place any relevant evidence into the record. *State, ex rel. Basham,* v. *Consolidation Coal Co.* (1989), 43 Ohio St. 3d 151, 541 N.E. 2d 47. Here, the record contains no such evidence. Appellant thus cannot complain about the commission's failure to consider evidence that appellant did not provide.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.