OPINION
David Leigh was found guilty of felonious assault by a jury in the Montgomery County Court of Common Pleas and was sentenced to eight years in prison. He appeals from his conviction.
The state's evidence established the following facts.
On the afternoon of January 24, 2000, Francis DeCarreau was severely beaten on the third floor of the Montgomery County Jail. He and Leigh were inmates at the time, and several others inmates identified Leigh as DeCarreau's attacker. According to the state's witnesses, Leigh punched DeCarreau in the head repeatedly, causing DeCarreau to hit his head on the wall and on the floor. The seriousness of the attack was apparent to the other inmates, some of whom prayed for DeCarreau's well-being. DeCarreau was in his fifties, small, and frail, weighing about one hundred and thirty pounds at the time of the attack. Leigh was several inches taller and weighed about two hundred and fifty pounds.
DeCarreau lost consciousness briefly, but then regained consciousness and, although bleeding, was able to converse and walk. A short time later, DeCarreau informed a corrections officer that he needed medical attention. DeCarreau's visible injuries were minimal, and he was moved to another cell. Later that evening, inmates summoned corrections officers to DeCarreau's cell because he was spitting up blood. By that time, DeCarreau was disoriented and unresponsive. He was taken to the hospital where a CAT scan revealed an epidural hematoma. DeCarreau had also suffered fractures to his skull, eye socket, and sinuses. Doctors removed a large blood clot from inside DeCarreau's skull. DeCarreau was in a coma for some time thereafter.
On February 1, 2000, Leigh was indicted for felonious assault in violation of R.C. 2903.11(A)(1). He was tried by a jury, found guilty, and sentenced according. Leigh filed a notice of appeal on May 1, 2000. His attorney filed a brief pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, in which she stated that she could find no reversible error in the record. Leigh then filed a brief on his own behalf, raising seven assignments of error. We will address some of these assignments together in the interest of judicial economy.
 I. THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENTS ACCORDING TO THE U.S. CONSTITUTION WAS VIOLATED, WHEN THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION, WITHOUT A SWORN AFFIDAVIT OF COMPLAINT SIGNED BY THE VICTIM ACCORDING TO OHIO LAW.
 IV. THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENT ACCORDING TO THE U.S. CONSTITUTION WAS VIOLATED, WHEN HE WAS DENIED A PRELIMINARY HEARING, SINCE THERE WAS NO SIGNED AFFIDAVIT OF COMPLAINT BY THE VICTIM GIVING THE COURT'S OF OHIO THE JURISDICTIONAL INSTRUMENT FOR COMPETENT JURISDICTION ACCORDING TO OHIO LAW.
 VII. THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENT ACCORDING TO THE U.S. CONSTITUTION WAS VIOLATED, WHEN DETECTIVE THOMAS PEED WHO IS NOT THE VICTIM SIGNED SAID AFFIDAVIT OF COMPLAINT CONTRARY TO LAW AS REQUIRED BY OHIO LAW, ATTACHED TO A STATEMENT THAT[']S NOT SWORN TO ACCORDING TO LAW.
Leigh claims that the trial court lacked subject matter jurisdiction because the complaint was not signed by the victim. He relies upon Statev. Miller (1988), 47 Ohio App.3d 113, in support of his argument. He also claims that he was denied his constitutional rights because no preliminary hearing was conducted in his case.
On January 26, 2000, Leigh was charged by complaint with felonious assault. The complaint was signed by Detective Thomas Peed. On February 1, 2000, the complaint was dismissed without prejudice and an indictment was filed. Thus, Leigh was tried pursuant to an indictment, not a complaint. Crim.R. 7(A) provides that felonies shall be prosecuted by indictment. As such, the indictment filed in Leigh's case gave the trial court subject matter jurisdiction over the case. Moreover, we note that, even where a complaint is the charging instrument, the victim is not required to sign the complaint. State v. Robinette (1997),118 Ohio App.3d 450, 455.
Miller is distinguishable because the charge at issue in that case was a misdemeanor, not a felony, and the complaint is the jurisdictional instrument of the municipal court. Miller, 47 Ohio St.3d 113, 114, citing State v. Craig (Mar. 12, 1986), Hamilton App. No. C-850444, unreported. Insofar as Leigh was charged with a felony, Miller is inapplicable.
Leigh also argues that his constitutional rights were violated because no preliminary hearing was held in his case. Pursuant to Crim.R. 5(B)(1), the "preliminary hearing shall not be held * * * if the defendant is indicted." Thus, Leigh's argument is without merit.
The first, fourth, and seventh assignments of error are overruled.
 II. THE TRIAL COURT ERRED IN NOT AFFORDING THE WITNESSES THEIR STATE, STATUTORY, AND FEDERAL CONSTITUTIONAL RIGHT'S, WHICH PREJUDICE THE APPELLANT IN THIS CASE, IN VIOLATION OF THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENT TO THE U.S. CONSTITUTION.
 III. THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENT ACCORDING TO THE U.S. CONSTITUTION WAS VIOLATED, WHEN THE TRIAL COURT REFERRED TO MARC JOHNIGAN['S] STATEMENT, THAT IT HAD AGREED NOT TO USE.
Leigh asserts that the trial court erred in allowing the parties to refer to the statement of Marc Johnigan after it had ruled that the statement would not be admitted. He also argues that his right to be free from cruel and unusual punishment was violated by the imposition of the maximum sentence in his case. To the extent that these assignments of error also reiterate the arguments that Leigh raised under the first, fourth, and seventh assignments of error, we rely on our discussionsupra to dispose of those issues.
Marc Johnigan was an inmate who was in the vicinity of the attack on DeCarreau when it occurred. Johnigan had been interviewed by authorities in the hours after the attack and had provided some information about the attack to them, but he indicated at trial that he "ha[d] nothing to say" about the incident. Before trial, the state had asked the court to call Johnigan as a court's witness, apparently anticipating problems with his testimony. The court refused, but it held that the state would be allowed to treat Johnigan as a hostile witness and to cross-examine him about his prior statement. It is this ruling to which Leigh refers in arguing that the trial court had improperly relied upon Johnigan's prior statement.
The state concedes that Johnigan's prior statement should not have been used because Johnigan was the state's own witness and the state had not shown surprise or affirmative damage as a result of Johnigan's testimony. See Evid.R. 607(A). The state argues, however, that the use of Johnigan's prior statement was harmless because Johnigan had only heard the beating, but had not seen it, and because other state's witnesses had testified more definitively that Leigh was the perpetrator.
We find the state's argument to be persuasive. In light of the testimony by other inmates who had actually witnessed the attack and who had identified Leigh as the attacker, the improper impeachment of Johnigan was harmless beyond a reasonable doubt.
Leigh also argues that he should not have received the maximum sentence for a second degree felony. He presents no specific argument in this respect.
R.C. 2929.12 requires a trial court to consider numerous factors relating to the seriousness of an offense and the likelihood of recidivism, along with any other relevant factors, in imposing sentence. The trial court did consider these factors, particularly Leigh's criminal history, which included two prior offenses of violence, the severity of the attack, and the lack of provocation for the attack. In our view, the trial court did not err in sentencing Leigh to the maximum sentence.
The second and third assignments of error are overruled.
 V. THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENT ACCORDING TO THE U.S. CONSTITUTION WAS VIOLATED, WHEN HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAIL TO INVESTIGATE AND CHALLENGE THE READING OF THE ORIGINAL AFFIDAVIT OF COMPLAINT, THAT MUST BE SIGNED BY THE VICTIM, BEFORE THE COURTS ACQUIRE SUBJECT MATTER JURISDICTION, COUNSEL DEPRIVED APPELLANT OF PRELIMINARY HEARING BY SAYING OHIO DID NOT HAVE PRELIMINARY HEARING AND FAIL TO REVIEW THE VICTIM'S PRIOR MEDICAL RECORDS.
Leigh contends that he was denied the effective assistance of counsel because his attorney did not challenge the complaint, did not object to the lack of a preliminary hearing, and did not review the victim's medical records.
We have already addressed Leigh's arguments that the complaint was inadequate and that he was entitled to a preliminary hearing; we have found these assertions to be without merit. Thus, Leigh's attorney did not act ineffectively in failing to raise these arguments.
With respect to DeCarreau's medical records, it was undisputed that DeCarreau was beaten about the head the day that he developed an epidural hematoma. Moreover, the medical testimony about the injury established that, although it might take a few hours for the full extent of such an injury to manifest itself, it was very unlikely that DeCarreau could have been functioning with this type of injury for any significant period of time. We are unpersuaded that there was any legitimate reason for defense counsel to investigate DeCarreau's prior medical history. Therefore, he did not act ineffectively in failing to do so.
The fifth assignment of error is overruled.
 VI. THE APPELLANT'S 5TH, 8TH, AND 14TH AMENDMENT ACCORDING TO THE U.S. CONSTITUTION WAS VIOLATED, WHEN HE WAS DENIED THE EFFECTIVE ASSISTANCE OF APPEAL COUNSEL, WHEN COUNSEL FOR APPEAL FAIL TO ARGUE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, TO INVESTIGATE AND CHALLENGE THE READING OF THE ORIGINAL AFFIDAVIT OF COMPLAINT, THAT MUST BE SIGNED BY THE VICTIM, BEFORE THE COURTS OBTAIN SUBJECT MATTER JURISDICTION, AND BY FILING AN ANDER'S BRIEF.
Under this assignment of error, Leigh argues that he was denied the effective assistance of appellate counsel. Such an argument may not be raised on direct appeal. See App.R. 26(B), Akron v. Jones (Jan. 10, 2001), Summit App. No. 19428, unreported. Moreover, some of the actions that Leigh claims that his appellate attorney should have taken, such as investigating and challenging the victim's medical records, involve matters outside the record which are not properly addressed on direct appeal. See State v. Carter (2000), 89 Ohio St.3d 593, 606.
The sixth assignment of error is overruled.
We have reviewed the assignments of error raised in Leigh's pro se
brief supra and have determined that there are no arguably meritorious issues raised therein. We have also conducted our own independent review of the record and have been unable to identify any issues that had any reasonable likelihood of success on appeal. As such, the judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.