[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 179.]

THE STATE EX REL. YELLOW FREIGHT SYSTEM, INC., APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.*, 2002-Ohio-5811.]

*Workers' compensation—Application for permanent partial disability compensation granted by Industrial Commission—Increase in award later sought by claimant—Increase in award by Industrial Commission affirmed, when.*

(No. 2001-1374—Submitted August 27, 2002—Decided November 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-990.

_____

**Per Curiam.**

{¶1} Appellee-claimant, Larry E. Smith, has several workers' compensation claims for injuries sustained as a truck driver for appellant, Yellow Freight System, Inc. A 1988 claim has been recognized for low-back and right-shoulder conditions. A 1992 claim has been allowed for right-shoulder strain as well.

{¶2} In 1995, claimant moved for permanent partial disability compensation ("PPD"). Appellee Industrial Commission of Ohio made a seven percent award in the 1988 claim and a two percent award in the 1992 claim. The award in the earlier claim did not apportion the award between the back and shoulder conditions.

{¶3} In early 2000, claimant moved for increased PPD in the 1992 claim only. Claimant's physician, Dr. James E. Lundeen Sr., assessed a 15 percent impairment. Dr. H.H. Hood assessed a nine percent impairment, which after taking into account the earlier two percent award, prompted his conclusion of a seven

percent increase. Dr. Leslie A. Friedman, examining on the employer's behalf, issued the most extensive report. He recited evidence that claimant's 1988 shoulder injury had resolved itself shortly thereafter with no residuals. He concluded that claimant had a one percent impairment as to the 1992 shoulder injury, which would negate any allegation of increased impairment.

{¶4} A commission staff hearing officer found a total shoulder impairment of seven percent, which represented a five percent increase in the two percent award made years earlier in this 1992 claim. After unsuccessfully challenging this award before the Court of Appeals for Franklin County, Yellow Freight now appeals to this court.

{¶5} At issue are two workers' compensation claims—1988 and 1992—that have both been allowed for a right-shoulder injury. In 2000, the commission awarded a five percent increase in permanent partial disability for the 1992 claim. Yellow Freight contests that award. The crux of its argument is this: despite the existence of two claims, there is still only one right shoulder. Thus, Yellow Freight contends that claimant *cumulatively* has received nine percent PPD for his shoulder condition—seven percent in the 1988 claim and two percent in the 1992 claim. Thus, if claimant's total impairment *now* is only seven percent, then claimant's impairment has not increased, and has, in fact, improved, foreclosing further compensation.

{¶6} Yellow Freight's argument is undermined by the additional presence of an allowed low-back condition in the 1988 claim. Because it exists—and because the commission unfortunately did not apportion the seven percent award in that claim between the two conditions—Yellow Freight cannot establish that the full seven percent, or any portion of it, was attributable to claimant's right shoulder. Yellow Freight's argument is weakened even further by medical evidence indicating that claimant's 1988 shoulder injury resolved within a few months. This

bolsters the commission's assertion that the seven percent award in the 1988 claim was attributable solely to claimant's low-back condition.

**{¶7}** Yellow Freight counters that this is an unfounded assumption and implores us to return the cause for further proceedings, with the instruction that the commission provide a percentage allocation—shoulder and/or back—for the 1988 award. We decline this invitation. Clearly, allocation of the 1988 award would have been helpful. To try to do so 14 years later, however, would be extremely difficult. A hearing officer cannot be expected to divine how the district hearing officer, years ago, interpreted the three medical reports relied on, as well as claimant's nonmedical disability factors. Moreover, there is evidence that claimant's shoulder condition did resolve shortly after his 1988 injury. Dr. Longert made that finding, which was reported by Dr. Friedman in 2000. Friedman's file review also indicates considerable reference to low-back problems in the 1988 claim.[1] We, therefore, deny the request to return the cause and find that the commission did not abuse its discretion in treating the 1988 claim award as it did.

**{¶8}** Yellow Freight also assails the contested award as unsupported by "some evidence," alleging that both Dr. Friedman and Dr. Hood failed to take into account the 1988 claim award and its effect on total body impairment. This fails for the reason given above. Both physicians, moreover, were aware of the prior award in the 1992 claim and factored that amount into their calculations.

**{¶9}** Finally, Yellow Freight contends that the seven percent total permanent partial impairment the staff hearing officer found represented a compromise between Hood's 15 percent impairment assessment and Friedman's one percent. Yellow Freight accepts generally the commission's right to employ such compromise logic, but asserts that it is improper where one doctor finds an increase and the other does not. Yellow Freight, however, cites no authority for

---

1. These low-back complaints were incorporated into a later low-back claim.

this proposition. The commission has used this approach for years to facilitate disposition of the myriad of PPD requests. To some extent, though, Yellow Freight has a point. Where two medical reports contradict each other on whether an impairment or an impairment increase even exists, balancing the two to come up with an award is not really a "compromise." Any award results in an employer loss. However, it is a result within the commission's discretion. If the commission is, for example, confronted with one report that finds a nine percent impairment and another that finds a zero percent impairment, it is unquestionably free to adopt the former and award nine percent. To prohibit the commission from making a four or five percent "compromise" award but allow it to award the full nine percent is nonsensical and certainly does not correct any perceived unfairness to employers.

{¶10} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Reminger & Reminger Co., L.P.A., and Ronald A. Fresco, for appellant.

Robert M. Robinson, for appellee Smith.

Betty D. Montgomery, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____