DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Core Molding Technologies, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting the application of respondent, Kathy Yarger ("claimant"), for an increase in her percentage of permanent partial disability ("PPD") compensation, and to enter an order denying the application.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} In its first objection, relator argues that the magistrate failed to properly address, pursuant to R.C.4123.57(A), the issue of "substantial evidence of new and changed circumstances." R.C. 4123.57(A) states in pertinent part: "No application for subsequent percentage determinations on the same claim for injury or occupational disease shall be accepted for review by the district hearing officer unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination."
 {¶ 4} The magistrate initially found that, "notwithstanding that no hearing on the merits of the application ever took place, March 27, 2002 must be viewed as the date or time of the original determination of the percentage of permanent partial disability." We note that relator has not challenged that finding in its objection. The magistrate further determined that, the May 9, 2002 report of Dr. Nancy Renneker, which opined a higher percentage of impairment than previously adjudicated, was "substantial evidence of new and changed circumstances." Dr. David C. Randolph had previously opined, based upon an examination conducted on March 5, 2002, that claimant's PPD impairment "is 1% of the body as a whole."
 {¶ 5} Relator maintains that R.C. 4123.57(A) places a higher burden on the injured worker than merely presenting a report with a higher percentage of impairment. Relator, however, appears to focus primarily on the final paragraph of each doctor's report, ignoring the specific physical findings made by Dr. Renneker. In her report dated May 9, 2002, Dr. Renneker found less range of motion in the claimant's right shoulder than previously found by Dr. Randolph; Dr. Renneker further found the claimant's forward shoulder flexion to be only 140 degrees (as opposed to a finding of 180 degrees by Dr. Randolph), and that claimant's internal and external rotation was limited to 30 degrees (in contrast to Dr. Randolph's finding of 90 degrees). Based upon these findings, Dr. Renneker opined that the claimant suffered a PPD of 11 percent based upon the allowed conditions in the claim. This constituted some evidence that the injured worker's shoulder had significantly less range of motion as of May 9, 2002, than it did on March 5, 2002, and that the allowed conditions were progressively worse at the time of the later examination. Thus, we find no error with the magistrate's conclusion that the commission's award of an increase in the percentage of PPD is supported by "substantial evidence of new and changed circumstances" as required by R.C. 4123.57(A). Accordingly, relator's first objection is overruled.
 {¶ 6} In its second objection, relator argues that the magistrate failed to adequately address the contention that the commission's order fails to satisfy the requirements under Nollv. Indus. Comm. (1991), 57 Ohio St.3d 203, and State ex rel.General American Transp. Corp. v. Indus. Comm. (1990),49 Ohio St.3d 91. More specifically, relator contends that the commission failed to explain what "new and changed circumstances" had developed since the original determination on permanent partial disability.
 {¶ 7} Upon review, we agree with the magistrate that the commission's order does not violate Noll. The staff hearing officer relied in part upon the reports of Drs. Cantor and Renneker, who both rated claimant's impairment at 11 percent. We have previously noted some of the findings contained in the report of Dr. Renneker; further, the commission's order states in part, "the claimant's percentage of permanent partial disability as a result of the allowed condition(s) has increased." This statement indicates the "new and changed circumstances" to be, as reflected in the medical reports, an increase in the claimant's percentage of disability. See State ex rel. General Motors Corp.v. Indus. Comm (1978), 54 Ohio St.2d 333, 335 ("a medical report or reports concluding percentage increases, beyond percentages previously reported in connection with the original claim, is not an improper consideration under R.C. 4123.57(B) of `new and changed circumstances developing since the time of the hearing on the original or last determination'"). Further, the commission could properly indicate that it "based its decision on the medical reports it noted in its order," and then used the information regarding percentages of disability "to arrive at a figure within the range of the reports." State ex rel. Combs v.Indus. Comm. (Aug. 16, 2001), Franklin App. No. 00AP-1145. Under such circumstances, "the commission is not required to explain exactly how it calculates an impairment rating." Id. Accordingly, relator's second objection is overruled.
 {¶ 8} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate sufficiently discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and deny relator's request for a writ of mandamus.
Objections overruled, writ of mandamus denied.
Bryant AND Sadler, jj., CONCUR.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Core Molding Tech[n]ologies, : (f/k/a Core Materials Corporation), : Relator, : v. : No. 03AP-443 Industrial Commission of Ohio : (REGULAR CALENDAR) and Kathy Yarger, : Respondents. :
 MAGISTRATE'S DECISION Rendered on January 30, 2004
IN MANDAMUS
 {¶ 9} In this original action, relator, Core Molding Technologies, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting the application of respondent Kathy Yarger for an increase in her percentage of permanent partial disability and to enter an order denying the application.
 Findings of Fact {¶ 10} 1. On February 26, 2001, Kathy Yarger ("claimant") sustained an industrial injury while employed as a "molder" for relator, a self-insured employer under Ohio's workers' compensation laws. The industrial claim is allowed for: "thoracolumbar strain; right shoulder strain," and is assigned claim number 01-810147.
 {¶ 11} 2. On December 17, 2001, claimant filed an application for the determination of her percentage of permanent partial disability pursuant to R.C. 4123.57.
 {¶ 12} 3. The application prompted the Ohio Bureau of Workers' Compensation ("bureau") to schedule claimant for an examination to be performed by David C. Randolph, M.D. On March 5, 2002, Dr. Randolph performed the examination. In his report, dated March 13, 2002, he opined that claimant's permanent impairment is "1% of the body as a whole."
 {¶ 13} 4. On March 27, 2002, the bureau issued a tentative order awarding a one percent permanent partial disability based upon Dr. Randolph's report. The bureau's order contains the following warning:
* * * [U]nless an objection to this tentative order is received in writing within 20 days of receipt of this notice, it shall become final[.] * * *
 {¶ 14} 5. On May 7, 2002, claimant moved, pursuant to R.C.4123.522, for leave to belatedly file an objection to the March 27, 2002 bureau order. Claimant's motion was supported by an affidavit from an employee of the law firm that represented claimant. In the affidavit, the employee averred that, on April 19, 2002, she "did an [o]bjection * * * over the Dolphin Project," but later, on May 6, 2002, could not "find anything on Dolphin or V-3 indicating that an [o]bjection was on file."
 {¶ 15} 6. On May 9, 2002, claimant was examined by Nancy Renneker, M.D., at claimant's request. Dr. Renneker wrote:
Based on the 5th edition of the AMA Guides to the Evaluation of Permanent Impairment, Kathy Yarger has an 11% whole person impairment due to: (1) decreased active right shoulder range of motion represents a 10% right upper extremity impairment, or a 6% whole person impairment and (2) DRE Thoracic Spine Category II represents an additional 5% whole person impairment for a combined total 11% whole person impairment for this work related injury of 6-26-01 [sic].
Kathy Yarger's permanent job restrictions related to this work injury of 2-26-01 are: (1) no repetitive use of right arm for any task (2) able to use right arm at waist height and Ms. Yarger is unable to reach above chest height with her right arm (3) no crawling, climbing of ladders and no lifting that involves trunk rotation. Kathy Yarger is able to occasionally lift at waist height and carry objects weighing up to 25 lbs.
 {¶ 16} 7. Following a June 19, 2002 hearing, a staff hearing officer ("SHO") issued an order denying claimant's May 7, 2002 motion for R.C. 4123.522 relief. The SHO explained:
As the request does not involve the non-receipt of a notice of hearing or an order, relief under 4123.522 is not applicable and is, therefore, denied. * * *
 {¶ 17} 8. On June 27, 2002, claimant filed an application for an increase in her percentage of permanent partial disability.
 {¶ 18} 9. On September 18, 2002, Dr. Cantor reviewed the reports of Drs. Renneker and Randolph. In his report, Dr. Cantor opined that claimant had an 11 percent permanent whole person impairment based upon the findings contained in the reports of the two examining physicians.
 {¶ 19} 10. On September 18, 2002, the bureau issued a tentative order finding an 11 percent permanent partial disability, an increase of ten percent based upon Dr. Cantor's report.
 {¶ 20} 11. Relator timely filed an objection to the bureau's September 18, 2002 tentative order.
 {¶ 21} 12. On November 12, 2002, claimant was examined, at relator's request, by Dr. Randolph who had previously examined her on March 5, 2002. Dr. Randolph issued a report, dated November 23, 2002, in which he opined that his "original impairment rating of 1% of the whole person remains unchanged." He also criticized Dr. Renneker's report by stating that it "is based upon findings which are not due to the conditions allowed in this claim and unassociated with the events of 02/26/01."
 {¶ 22} 13. Relator timely filed an R.C. 4123.57 application for reconsideration of the district hearing officer's order of December 2, 2002. Following a January 8, 2003 hearing, an SHO issued an order setting the percentage of permanent partial disability at eight percent, which is a seven percent increase from the original award. The only explanation given in the order for the increase in the award is the statement "this order is based upon the reports of Drs. Cantor, Randolph and Renneker."
 {¶ 23} 14. Relator moved the three-member commission for reconsideration of the SHO's order of January 8, 2003. On March 14, 2003, the commission mailed an order denying relator's request for reconsideration.
 {¶ 24} 15. On May 6, 2003, relator, Core Molding Technologies, filed this mandamus action.
 Conclusions of Law {¶ 25} Three issues are presented: (1) whether the May 9, 2002 report of Dr. Renneker must be excluded from evidentiary consideration as evidence of new and changed circumstances because the report pre-dates the June 19, 2002 hearing at which the SHO denied R.C. 4123.522 relief; (2) whether the commission's award of an increase in the percentage of permanent partial disability is supported by substantial evidence of new and changed circumstances; and (3) whether the commission's order violates State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
 {¶ 26} The magistrate finds: (1) Dr. Renneker's report cannot be excluded from evidentiary consideration on grounds that it pre-dates the June 19, 2002 hearing; (2) the commission's award of an increase in the percentage of permanent partial disability is supported by substantial evidence of new and changed circumstances; and (3) the commission's order does not violateNoll. Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
Turning to the first issue, R.C. 4123.57(A) states in part:
* * * Except on application for reconsideration, review, or modification, which is filed within ten days after the date of receipt of the decision of the district hearing officer, in no instance shall the former award be modified unless it is found from medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent partial disability. * * *
* * * No application for subsequent percentage deter-minations on the same claim for injury or occupational disease shall be accepted for review by the district hearing officer unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination.
 {¶ 27} Here, relator contends that the March 27, 2002 bureau-issued tentative order awarding one percent permanent partial disability did not become final until claimant's motion for R.C. 4123.522 relief was denied by the SHO following the June 19, 2002 hearing. On that basis, relator argues that Dr. Renneker's May 9, 2002 report pre-dates the "time of the hearing on the original or last determination." It has been held that a medical report that pre-dates the original permanent partial disability determination is not substantial evidence of new and changed circumstances occurring thereafter. State ex rel. Casperv. McGraw Edison Serv. (1989), 47 Ohio St.3d 113, 114. The magistrate disagrees with relator's analysis.
 {¶ 28} The June 19, 2002 SHO's order is a final commission order adjudicating the request for R.C. 4123.522 relief. The bureau's order of March 27, 2002 became a final administrative order awarding a one percent permanent partial disability by operation of claimant's failure to timely object to the order and claimant's subsequent failure to obtain leave to file a belated objection.
 {¶ 29} In actuality, there was no hearing on the merits of the original application for a determination of the percentage of permanent partial disability. The bureau did not conduct a hearing, but simply issued a tentative order based upon its review of Dr. Randolph's report.
 {¶ 30} In the view of the magistrate, notwithstanding that no hearing on the merits of the application ever took place, March 27, 2002 must be viewed as the date or time of the original determination of the percentage of permanent partial disability. Clearly, the hearing on June 19, 2002 was limited to the question of R.C. 4123.522 relief. The merits of the application for a determination of the percentage of permanent partial disability was not at issue at the June 19, 2002 hearing.
 {¶ 31} Given the foregoing analysis, the magistrate rejects relator's claim that Dr. Renneker's report must be excluded from evidentiary consideration simply because it pre-dates the June 19, 2002 hearing.
 {¶ 32} Turning to the second issue, in State ex rel. Gen.Motors Corp. v. Indus. Comm. (1978), 54 Ohio St.2d 333, it was held that medical reports concluding percentage increases beyond percentages previously reported in connection with the original claim are not an improper consideration under R.C. 4123.57 of "new and changed circumstances developing since the time of the hearing on the original or last determination."
 {¶ 33} Relator attempts to restrict the General Motors
holding from being applied to the instant case by claiming that the statutory language is now "more restrictive" than at the time of the General Motors case. The magistrate again disagrees with relator's analysis.
The opinion of the General Motors case states in part:
* * * Appellant's claim of abuse of discretion cites the last sentence of the first paragraph of R.C. 4123.57(B), which reads: "No application for subsequent percentage deter-minations on the same claim for injury or occupational disease shall be accepted for review by the district hearing officer unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination."
Appellant contends that medical opinion which differs only on the basis of increase in numerical percentage from that previously awarded is not "substantial evidence of new and changed circumstances" so as to justify either review of an application for increase or a determination of increase in percentage of permanent partial disability. Appellant urges further that the progression or degeneration in physical condition must be evidenced by demonstrable medical or clinical findings beyond subjective opinions as to numerical percentages of disability.
The basis for appellant's argument is language, now deleted, in former R.C. 4123.57(B), which read, in part," in no instance shall this commission modify its former order unless if finds from such medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent disability."
This statutory language, although effective until January 17, 1977, was not so restrictive of the phrase "substantial evidence of new and changed circumstance," found in both the 1973 and 1977 versions of R.C. 4123.57(B), so as to negate the consideration of disability percentage estimates by physicians resulting from their own evaluation of complaints and objective medical or clinical findings.
Id. at 334-335.
 {¶ 34} R.C. 4123.57 has been amended on numerous occasions by the Ohio General Assembly since the General Motors case. It is not necessary, however, to trace those amendments here. It can be readily observed that the deleted statutory language in former R.C. 4123.57(B) quoted by the General Motors court bears a striking similarity to the current language of R.C. 4123.57(A), which states:
* * * [I]n no instance shall the former award be modified unless it is found from medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent partial disability. * * *
 {¶ 35} Given that the language similar to the deleted language quoted by the General Motors court is currently found at R.C. 4123.57(A) it cannot be seriously argued that theGeneral Motors case is inapplicable to the current statute at issue.
 {¶ 36} Applying the General Motors holding to the instant case, Dr. Renneker's May 9, 2002 opinion, that the industrial injury produced an 11 percent whole person impairment is indeed substantial evidence of new and changed circumstances. Likewise, the report of Dr. Cantor, who accepted Dr. Renneker's findings, is also substantial evidence of new and changed circumstances.
 {¶ 37} Turning to the third issue, this court has had previous occasion to address the applicability of Noll to the commission's determination of permanent partial disability. InState ex rel. Combs v. Indus. Comm. (Aug. 16, 2001), Franklin App. No. 00AP-1145, this court, with one judge dissenting, stated:
* * * The commission properly could indicate that it based its decision on the medical reports it noted in its order, as the commission evaluated the reports and the percentages of disability stated in them, and then used that information to arrive at a figure within the range of the reports. Moreover, in these circumstances, the commission is not required to explain exactly how it calculates an impairment rating. * * *
 {¶ 38} Here, the SHO's order of January 8, 2003 states reliance on the reports of Drs. Cantor, Randolph and Renneker in determining that claimant has an eight percent permanent partial disability. Drs. Renneker and Cantor rated claimant's permanent impairment at 11 percent, while Dr. Randolph rated the impairment at one percent.
 {¶ 39} The commission's determination of eight percent is within the range of percentages of the reports relied upon. The commission was not required to explain how it arrived at the eight percent. In short, the commission's award of an eight percent permanent partial disability does not violate Noll.
 {¶ 40} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.