The State ex rel. Dobbins, Appellant, *v.* Industrial
Commission of Ohio, Appellee.

[Cite as *State ex rel. Dobbins v. Indus. Comm.*,
109 Ohio St.3d 235, 2006-Ohio-2286.]

(No. 2005–0899—Submitted February 21, 2006—Decided May 24, 2006.)

---

**Per Curiam.**

{¶ 1} At issue is the evidentiary sufficiency of a medical report that was generated by a medical-file review of appellant Augustus G. Dobbins's workers' compensation claim. In 1997, Dobbins was examined by Drs. Richard M. Ward and Mark E. Weaver after he applied for an increase in his permanent partial disability. They assessed a 39 percent and 18 percent permanent partial impairment respectively. Based on Dr. Ward's report, appellee Industrial Commission of Ohio increased Dobbins's permanent partial disability to 34 percent, and that order became final.

{¶ 2} In 2003, Dobbins moved for another increase in permanent partial disability. He submitted the report of Dr. James E. Lundeen, who concluded that Dobbins's disability had increased to 48 percent. Dr. J.D. Weinerman performed a medical-file review for the Ohio Bureau of Workers' Compensation. Dr. Weinerman considered and accepted the findings of Drs. Ward, Weaver, and Lundeen and assessed a 29 percent permanent partial impairment. Relying on this report, the commission found that Dobbins's permanent partial disability had not increased and denied his application.

{¶ 3} Dobbins filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in relying on Weinerman's report. The court disagreed and denied the writ, prompting Dobbins's appeal to this court as of right.

{¶ 4} Dobbins objects to the commission's reliance on Dr. Weinerman's report in denying an increase in permanent partial disability. He first asserts that Weinerman should not have considered the 1997 reports of Drs. Weaver and Ward. That assertion is incorrect. To the contrary, Dr. Weinerman, as a

nonexamining physician, was required to consider—and accept—the factual findings, as of the time of the examinations, of all the examiners who preceded him. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105.

{¶ 5} Dobbins next argues that his condition in 1997 is not evidence of his condition in 2003. While that is true, comparison of his 2003 symptomatology with that in 1997 is an indicator of how much Dobbins's condition changed in six years. In this case, comparison revealed minimal change.

{¶ 6} Dobbins's third assertion is that because Weinerman found a decreased range of lumbar motion since 1997 (as she was bound to, based on reports of examining doctors), she was compelled to find a corresponding increase in impairment. This proposition is unsupported legally and medically.

{¶ 7} Finally, Dobbins claims that the commission's order must be vacated because the commission did not explain why it favored Dr. Weinerman's report over Dr. Lundeen's. The commission, however, has no such duty. When it comes to the evidence on which it relies, it need only identify that evidence. *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. It is not required to discuss why one piece of evidence was deemed more persuasive than another.

{¶ 8} The commission is the sole evaluator of evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Even while requiring a brief explanation of the commission's reasoning, the decision in *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 206, 567 N.E.2d 245, acknowledged that "the commission has the exclusive authority to determine disputed facts and weight of the evidence." In this case, the commission exercised its prerogative in finding Dr. Weinerman's report more persuasive. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, for appellant.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee.