THE STATE EX REL. STARR, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Starr v. Indus. Comm.*, 114 Ohio St.3d 449, 2007-Ohio-4558.]

(No. 2006–1415—Submitted May 22, 2007—Decided September 19, 2007.)

---

**Per Curiam.**

{¶ 1} This evidentiary challenge involves Teri M. Starr's request for temporary total disability compensation. On January 5, 2001, Starr was a 27–year–old elementary physical education teacher for Beavercreek City Schools. On that date, she was teaching a child how to dribble a basketball, and she tripped over the child's foot. Starr stumbled into a wall, hit her head, and has never worked since.

{¶ 2} A workers' compensation claim was originally allowed for "sprain of neck; sprain thoracic region; sprain acromioclavicular, right; contusion scalp (head); contusion face." On January 14, 2002, the claim was *additionally allowed for*

"post concussion syndrome." Effective July 19, 2002, temporary total disability compensation was terminated after maximum medical improvement was assessed.

{¶ 3} At approximately the same time, Starr moved for the additional allowance of posttraumatic stress disorder and anxiety disorder with panic attacks, based on reports from psychologist Doris Cohen, Ph.D., Michael B. Leach, Ph.D., and Magdi S. Rizk, M.D., opined that allowance of posttraumatic stress disorder was inappropriate because Starr's trip and fall was unlike any of the extreme traumatic stressors enumerated by the Diagnostic and Statistical Manual of Mental Disorders for that diagnosis. Consequently, that condition was specifically disallowed. "Anxiety disorder with panic attacks," however, was made part of the claim.

{¶ 4} On July 14, 2004, Starr moved for temporary total disability compensation backdated to July 19, 2002, based on her allowed psychiatric condition. At some point thereafter, Dr. Cohen's treatment notes were submitted to appellee Industrial Commission of Ohio. Those notes, among other documents, were reviewed by Dr. David J. Greenwald, a psychologist, on January 30, 2005, as part of a medical-file review. He produced a lengthy and detailed report that was highly critical of Dr. Cohen's treatment. Dr. Greenwald suspected that many of Starr's psychiatric problems—if legitimate—stemmed from a pre-existing personality disorder unrelated to her industrial injury. Many of those same complaints, he observed, were not corroborated by neuropsychological testing. He was also troubled by Dr. Cohen's constant reinforcement of "claimant's adoption of the sick role."

{¶ 5} Dr. Greenwald had a "number of issues" with Dr. Cohen's course of treatment:

{¶ 6} "Based upon my review of her office notes, it was evident that there was no treatment plan or specific treatment goals, and that the vast majority of the focus was on issues that are not related to the allowed psychological condition of this claim. Specifically, there was a great deal of focus on the claimant's reported headaches, on family or relationship issues, on reported depression (which was not supported by the testing of the neuropsychologist), and on treatment for reported cognitive impairment, but very little focus on the allowed condition of anxiety with panic attacks. I also found no evidence of symptomatology that would meet criteria for a panic attack, and no treatment for panic attacks in the submitted records of Dr. Cohen. * * * There was also no evidence of a systematic approach geared to addressing anxiety that was directly related to the work injury. I also found no clear explanation regarding the connection between the work injury and the anxiety in these treatment records. * * * I found nothing in the notes to support disability due to the allowed psychological

condition. I also saw no evidence of any significant change in the claimant's psychological status over the course of 3 1/4 years of treatment.

{¶ 7} " * * *

{¶ 8} "I also take serious issue with Dr. Cohen's apparent efforts to provide the claimant with some type of treatment for the reported cognitive impairment. It should be noted that cognitive rehabilitation for brain injury requires a systematic, consistent approach to developing compensatory strategies to overcome cognitive impairment, and it requires a separate focused treatment plan that is not to be intermingled with psychotherapy. Furthermore, as I previously noted, the test data do not support the presence of significant cognitive impairment, nor does the injury itself, such that in addition to this treatment being inappropriate in the context of psychotherapy, it is also unnecessary. Related to this is Dr. Cohen's acceptance of the claimant's report of cognitive impairment, which therefore served to reinforce her complaints of it."

{¶ 9} Turning finally to Starr's alleged disability, he concluded:

{¶ 10} "In my opinion, the claimant has most definitely reached maximum medical improvement for the allowed psychological condition of anxiety disorder with panic attacks. There was no evidence of significant improvement in the claimant's psychological status throughout the course of her psychological treatment. I find that the claimant had reached maximum medical improvement as of the time of Dr. Cohen's 5/24/02 summary report. It is also my opinion that there was no period of temporary total disability as a result of the allowed psychological condition. Support for this is found in the fact that the great majority of the psychotherapy was focused on unrelated issues, that the claimant's complaints of cognitive impairment are not supported by the data, that there was no reference to panic attacks in the treatment records, and that she was found to be able to return to her former position of employment without [physical] restriction in 2002. Consequently, the presence of disabling anxiety as a direct result of the work injury is not supported. * * * Finally, with respect to the need for continued psychological treatment, the records of Dr. Cohen show that the claimant has been in treatment for 3 1/4 years, without any evidence of any behavior change, or reported improvement in symptomatology. The claimant has most probably developed a strong dependency on her psychologist, but this is a reflection of the likely personality disorder, which is not related to this injury."

{¶ 11} A staff hearing officer denied temporary total disability compensation based in part on Dr. Greenwald's report. The hearing officer also noted the lack of contemporaneously filed evidence of disability for 2002 and 2003. Further appeal was refused.

{¶ 12} Starr filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in

denying temporary total disability compensation. The court of appeals disagreed, holding that Dr. Greenwald's report supported the commission's decision.

{¶ 13} This cause is now before this court on an appeal as of right.

{¶ 14} For 20 years, the standard for evidentiary review has been whether the relied-upon evidence constitutes "some evidence * * * to support the commission's stated basis for its decision." *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. Consistent with its exclusive authority to evaluate the weight and credibility of evidence, the commission is not required to explain why it favored one piece of evidence over another. *State ex rel. Dobbins v. Indus. Comm.*, 109 Ohio St.3d 235, 2006-Ohio-2286, 846 N.E.2d 1243, ¶ 7. Moreover, "[i]t is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's." *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 376, 658 N.E.2d 1055. Accordingly, it is irrelevant that Dr. Cohen's C–84 certifies temporary total disability compensation over the period in question. The issue is instead whether Dr. Greenwald's report supports compensation denial. The court of appeals ruled that Dr. Greenwald's report was "some evidence" supporting the commission's denial, and we affirm its judgment.

{¶ 15} Because Starr submitted her evidence belatedly, the commission was limited to obtaining a file review in order to get a second opinion on Starr's claimed disability over the period in question. Dr. Greenwald performed that review on January 30, 2005, and prepared an extensive and meticulously detailed report. After reviewing Dr. Cohen's office notes and the medical reports of all previous medical examiners, he opined that many of Starr's alleged psychological problems were attributable to a pre-existing personality disorder unrelated to her industrial injury. He noted that neuropsychological testing did not corroborate some of the more severe symptoms that Starr had consistently reported to Cohen. As indicated previously, Dr. Greenwald criticized Cohen's treatment and decisively stated that there was no temporary total disability attributable to the allowed psychological condition in this claim. His report is, therefore, "some evidence" supporting the commission's denial of temporary total disability compensation.

{¶ 16} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Mitchell A. Stern, for appellant.

Marc Dann, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee Industrial Commission of Ohio.