THE STATE EX REL. ROMERO, APPELLANT, *v.* RIVER CITY DRYWALL SUPPLY, INC., ET AL., APPELLEES.

[Cite as *State ex rel. Romero v. River City Drywall Supply, Inc.*, 143 Ohio St.3d 65, 2015-Ohio-1194.]

(No. 2014–0171—Submitted January 13, 2015—Decided April 2, 2015.)

**Per Curiam.**

{¶ 1} Appellant, Moses Romero, appeals the judgment of the Franklin County Court of Appeals denying his request for a writ of mandamus that would order appellee Industrial Commission of Ohio to vacate its order awarding Romero a 4 percent increase in his permanent-partial-disability compensation and instead grant him a higher percentage of increase.

{¶ 2} Romero's appeal alleges that the evidence, in particular the report of V.P. Mannava, M.D., was insufficient to support the commission's decision. Because Romero did not demonstrate that the commission had abused its discretion, mandamus was not warranted. We affirm the judgment of the court of appeals.

{¶ 3} Romero was injured while working on January 14, 2008. His workers' compensation claim was initially allowed for sprain of his left leg and knee. In 2010, the commission found that Romero had a 6 percent permanent partial disability and granted him compensation accordingly. In 2011, the commission allowed the additional condition of medial meniscus tear of the left knee and

increased the award by 4 percent for a total of 10 percent permanent partial disability.

{¶ 4} In October 2011, the commission again amended Romero's claim to include the additional condition of substantial aggravation of preexisting chondromalacia medial femoral condoyle of his left knee. Romero then requested another increase in his permanent-partial-disability award based on the newly allowed condition.

{¶ 5} At the commission's request, V.P. Mannava, M.D., reviewed Romero's medical file. Based on his review, Dr. Mannava opined that Romero had a whole-person impairment of 5 percent, which was less than his current percentage of 10 percent. Matt Murdock, D.C., performed an independent medical examination. Dr. Murdock concluded that Romero had a 14 percent whole-person impairment based on the newly allowed condition that, when combined with his previous award, resulted in a total of "23 [sic, 24] percent whole person impairment."

{¶ 6} Following a hearing, a district hearing officer approved an increase of 4 percent for a total of 14 percent, based on the medical reports of Dr. Mannava and Dr. Murdock. A staff hearing officer affirmed. The commission refused Romero's appeal.

{¶ 7} Romero filed a complaint in mandamus in the Franklin County Court of Appeals, alleging that the commission's order awarding only a 4 percent increase was not supported by the evidence and that he was entitled to a 14 percent increase of permanent partial disability. Romero argued that the commission abused its discretion by relying on the report of Dr. Mannava.

{¶ 8} The court referred the matter to a magistrate, who concluded that the commission did not abuse its discretion when it relied on the reports of Dr. Mannava and Dr. Murdock. The magistrate concluded that Dr. Mannava had reviewed the file and accepted the objective findings of the examining physicians as stated in his report. The magistrate further determined that Dr. Mannava was not required to accept the commission's previous finding of 10 percent impairment in reaching his opinion based on the medical evidence. The magistrate concluded that it was within the commission's discretion to fashion an increase of 4 percent in the permanent-partial-disability award.

{¶ 9} The court of appeals adopted the magistrate's findings of fact and conclusions of law and denied the writ.

{¶ 10} Romero's appeal is before the court as of right.

{¶ 11} The issue before us is whether the report of Dr. Mannava constituted some evidence upon which the commission could rely in support of its decision to increase Romero's permanent-partial-disability award.

{¶ 12} A nonexamining physician who provides a medical opinion is required to review all the relevant medical evidence and accept the objective findings of all the examining physicians. *State ex rel. Dobbins v. Indus. Comm.,* 109 Ohio St.3d 235, 2006-Ohio-2286, 846 N.E.2d 1243, ¶ 4; *State ex rel. Wallace v. Indus. Comm.,* 57 Ohio St.2d 55, 59, 386 N.E.2d 1109 (1979). Contrary to Romero's contention, there is no requirement that the nonexamining physician identify the other physicians by name. *State ex rel. Sturgill v. P & G Sheet Metal, Inc.,* 10th Dist. Franklin No. 08AP–649, 2009-Ohio-3749, 2009 WL 2331869.

{¶ 13} Romero raises the same arguments as those addressed and rejected by the court of appeals. First, Romero maintains that Dr. Mannava failed to accept the findings of the physicians who had previously examined him, and thus, his report cannot qualify as evidence to support the commission's decision. But in his report, Dr. Mannava expressly stated that he had reviewed the file and accepted the objective findings. His report set forth the findings of examining physicians Dr. Forte and Dr. Boyer and those of Dr. Nobbs, a chiropractor. Based on those findings, Dr. Mannava opined that Romero was not entitled to an additional percentage award. Because it was within the commission's discretion to rely on Dr. Mannava's report, Romero's argument fails.

{¶ 14} Next, Romero argues that Dr. Mannava ignored the commission's prior finding granting a 10 percent permanent-partial-disability award. According to Romero, Dr. Mannava decided to reduce the percentage of permanent impairment the commission had already granted for the allowed conditions in the claim. But Romero cites no case law that requires a physician to make a finding at least as great as a prior award.

{¶ 15} Instead, Dr. Mannava based his opinion on the medical evidence and opined that Romero was entitled to only a 5 percent permanent-partial-disability award rather than the 10 percent he was then receiving. It was within the commission's discretion to rely on Dr. Mannava's report. Romero's argument fails.

{¶ 16} Finally, Romero contends that Dr. Mannava's report failed to refer to the evidence supporting the additional condition of substantial aggravation of Romero's preexisting chondromalacia of the left knee. But Dr. Mannava's report clearly referred to the newly recognized condition. Dr. Mannava recognized the existence of this condition, accepted the examiners' findings, and based his opinion on those findings. His failure to comment on that condition specifically does not call into question the value of his report as evidence.

{¶ 17} Thus, Romero fails to establish that the commission abused its discretion when it relied on the reports of Dr. Mannava and Dr. Murdock to support its decision.

{¶ 18} The commission has exclusive discretion to determine the weight and credibility of the evidence, as well as all disputed facts. *Dobbins,* 109 Ohio St.3d 235, 2006-Ohio-2286, 846 N.E.2d 1243, ¶ 8. This court may not disturb a commission order that is supported by some evidence, even if the record includes other evidence that is greater in quality or quantity supporting a contrary decision. *State ex rel. Pass v. C.S.T. Extraction Co.,* 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996).

{¶ 19} Here, the commission relied on the reports of Dr. Mannava, who opined that Romero had only a 5 percent whole-person impairment, and Dr. Murdock, who concluded that there was a 14 percent impairment. The commission, acting within its discretion, chose a figure within the range suggested by both doctors. *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.,* 97 Ohio St.3d 179, 2002-Ohio-5811, 777 N.E.2d 241, ¶ 9; *State ex rel. Core Molding Technologies v. Indus. Comm.,* 10th Dist. Franklin No. 03AP–443, 2004-Ohio-2639, 2004 WL 1152864, ¶ 7.

{¶ 20} Romero failed to meet his burden in mandamus, i.e., to show that he has a clear right to the relief requested and that the commission has a clear duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph nine of the syllabus. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Law Office of James A. Whittaker, L.L.C., Laura I. Murphy, and James A. Whittaker, for appellant.

Michael DeWine, Attorney General, and LaTawnda N. Moore, Assistant Attorney General, for appellee Industrial Commission.