VILLAGE OF PIONEER, APPELLEE, *v.* MARTIN, APPELLANT.

(No. WMS-84-6—Decided August 3, 1984.)

*Mr. Joseph R. Kiacz,* city attorney, for appellee.

*Mr. James Hensal,* for appellant.

DOUGLAS, J. This cause is before the court on an appeal from the judgment of the Bryan Municipal Court. Appellant, Todd A. Martin, was convicted of

violating a municipal ordinance of the village of Pioneer, *i.e.*, Section 333.01(a)(3), which prohibits a person from operating any vehicle within that municipality while that person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath. Appellant was sentenced to seven days of imprisonment in the Williams County Jail, fined $550 and ordered to pay court costs, and had his operator's license suspended for a period of sixty days. Appellant's sentence was stayed upon appeal to this court.

For our review, appellant asserts the following two assignments of error:

"1. The court erred in overruling appellant's motion to suppress the intoxilyzer results and allowing said results to be introduced into evidence because the intoxilyzer had not been calibrated properly according to the rules and regulations of the Ohio Department of Health.

"2. The court erred in suspending appellant's driver's license because under the Ohio Revised Code there is no authority for a court to suspend a driver's license for a violation of a city 'DWI' ordinance."

Appellant, under his first assignment of error, argues that the trial court erred in admitting as evidence the results of his intoxilyzer test since appellee failed to prove that the intoxilyzer machine had been calibrated according to the rules and regulations of the Ohio Department of Health. It is difficult to determine from appellant's argument set forth under his first assignment of error whether he is contesting the proper calibration of the intoxilyzer machine *prior to* or *subsequent to* the test given him. For purposes of our decision, however, it makes very little difference.

This court, in *Bryan* v. *Hunter* (May 18, 1984), Williams App. No. WMS-84-2, unreported, held the following:

"Quite obviously, the purpose of proper calibration is to ensure accurate test results. Thus, the purpose of the seven-day calibration requirement is that pre-test calibrations occur, as to a particular test, within seven days of the test. In this case, appellant would have us exclude his intoxilyzer test result on the ground that the next calibration after his test occurred more than seven days after the one *preceding* his test. This argument is without merit." (Emphasis *sic*.)

Our holding in *Hunter, supra,* clearly states that as long as the proper pre-test calibration of the intoxilyzer machine occurs, the test result is admissible as evidence. Thus, the question regarding a subsequent calibration, in light of our holding in *Hunter*, is no longer an issue. Likewise, a proper calibration within seven days of a particular test is sufficient and renders that test in compliance with rules and regulations of the Ohio Department of Health. Appellant's first assignment of error is not well-taken.

Appellant argues under his second assignment of error that the legislature, by its passage of R.C. 4507.16(B), provided no authority for a trial judge to suspend a person's operator's license for a violation of a municipal ordinance relating to the operation of a motor vehicle while under the influence of alcohol.

The relevant portion of R.C. 4507.16 states:

"(B) Except as otherwise provided in this section, the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall revoke the operator's or chauffeur's license or permit or nonresident operating privilege of any person who is convicted of or pleads guilty to a violation of section 4511.19 of the Revised Code or suspend the license, permit, or privilege as follows:

"(1) If the offender has not been convicted, within five years of the offense, of a violation of section 4511.19 of

the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than sixty days nor more than three years.

"(2) If the offender has been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than one hundred twenty days nor more than five years.

"(3) If the offender has been convicted, within five years of the offense, of more than one violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than one hundred eighty days nor more than ten years."

Appellant vigorously contends that the language of this statute does not permit a trial judge to suspend the license of a person who is convicted under a municipal ordinance of operating a motor vehicle while influenced by alcohol. Appellant relies on the following language:

"(B) Except as otherwise provided in this section, *the trial judge of any court of record,* * * * . *shall revoke the operator's * * * license * * * of any person who is convicted of or pleads guilty to a violation of section 4511.19 of the Revised Code.*" (Emphasis added.)

Immediately noticeable, however, is that the language upon which appellant

relies addresses only *revocation* of a license. The *suspension* of a license is governed by the statutory phrase immediately following that part of R.C. 4507.16(B) upon which appellant relies:

"* * * or *suspend* the license * * * as follows:

"(1) If the offender has not been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than sixty days nor more than three years.

"(2) If the offender has been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than one hundred twenty days nor more than five years.

"(3) If the offender has been convicted, within five years of the offense, of more than one violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than one hundred eighty days nor more than ten years." (Emphasis added.)

The record plainly reveals the trial court *suspended,* rather than *revoked,* appellant's license for a violation of a municipal ordinance relating to the operation of a motor vehicle while under the influence of alcohol. Quite clearly,

the trial judge possessed the authority to levy such a suspension by virtue of R.C. 4507.16(B).

The legislature, in drafting R.C. 4507.16, has used the terms "suspend" and "revoke." The use of both these terms in the context of R.C. 4507.16 indicates that the terms are not synonymous. This conclusion is buttressed further by the fact that a superficial perusal of R.C. Chapter 4507, driver's license law, reveals that the legislature has not used the terms "revoke" and "suspend" synonymously or interchangeably. See R.C. 4507.161 (suspension of license of person mentally ill); R.C. 4507.162 (revocation of probationary license); R.C. 4507.163 (use of operator's license to violate liquor laws; suspension; procedures); R.C. 4507.165 (suspension for passing stopped school bus); R.C. 4507.166 (suspension for causing death while fleeing officer). See, also, R.C. 4507.34 (license suspended or revoked by court of record ["relating to reckless operation"]), and R.C. 4507.164 (impoundment of registration and license plates upon suspension or revocation of license). The distinction between the terms "revoke" and "suspend" is also evident by reviewing R.C. 4507.16(C), (D) and (E).

In view of the distinction between "revoke" and "suspend" contemplated by the legislature, we hold that a trial judge is possessed with authority by virtue of R.C. 4507.16(B)(1), (2) and (3) to *suspend* a person's license where that person is convicted of a violation of R.C. 4511.19 or of a municipal ordinance relating to the operation of a motor vehicle while under the influence of alcohol.[1] Appellant's second assignment of error is, therefore, not well-taken.

The judgment of the Bryan Municipal Court is, hereby, affirmed. The cause is remanded to said court for execution of sentence and assessment of costs.

*Judgment affirmed.*

CONNORS, P.J., and HANDWORK, J., concur.

———

[1] Motion for reconsideration in *Bryan* v. *Hunter* (May 18, 1984), Williams App. No. WMS-84-2, unreported, is hereby overruled as being improvidently granted.