**CITY OF UPPER ARLINGTON, Appellee,**

v.

**KIMBALL, Appellant.**

[Cite as *Upper Arlington v. Kimball* (1994), 95 Ohio App.3d 630.]

Court of Appeals of Ohio,
Franklin County.

No. 94APC03–383.

Decided Sept. 22, 1994.

---

*Jeanine Amid* and *Sharon Pfancuff,* for appellee.

*Sean H. Maxfield,* for appellant.

BOWMAN, Judge.

Appellant, Jeffery L. Kimball, was arrested on August 6, 1993, and charged with a violation of Upper Arlington City Code 353.01(A), operating a motor vehicle under the influence of alcohol or a drug of abuse, or both; Upper Arlington City Code 353.01(B)(2), operating a motor vehicle having a concentration of .10 of one gram or more by weight of alcohol per two hundred ten liters of breath; and a violation of Upper Arlington City Code 351.05, being left of center. Appellant submitted to a test of his breath, which resulted in a reading of .172 grams by weight of alcohol per two hundred ten liters of breath.

Appellant filed a motion to suppress the results of his breath test on the basis that the machine malfunctioned. The evidence presented at the hearing on the motion to suppress showed the breath-testing machine was calibrated August 3, 1993, with a reading of .101 with a target solution of .105, which was within the

margin of error permitted by Ohio Adm.Code 3701–53–04(A)(1). Appellant was tested on August 6, 1993. The machine was calibrated again on August 10, 1993, at which time three tests were run, and none of the tests met the requirements of Ohio Adm.Code 3705–53–04. Leonard Porter of the Ohio Department of Health stated that, based on the results of the August 10, 1993 test, the machine failed to meet the calibration requirements set forth in the Ohio Administrative Code. Porter also testified it was impossible to determine when the BAC Verifier malfunctioned, and it could have been any time from after the first calibration on August 3, 1993 to August 10, 1993. The trial court overruled the motion to suppress, and appellant entered a plea of no contest to a charge of violating Upper Arlington City Code 353.01(B)(2). Appellant sets forth the following assignment of error:

"The trial court erred when it admitted results of a breath test from a BAC Verifier breath-testing device, which was demonstrably malfunctioning in violation of the requirements of Ohio Administrative Code Chapter 3701–53–04."

R.C. 4511.19(A)(3) provides:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

" * * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]"

Ohio Adm.Code 3701–53–04(A)(1) provides:

"(A) Approved evidential breath testing instruments shall be checked for calibration no less frequently than once every seven days by a senior operator using a solution of ethyl alcohol approved by the director of health and using the calibration checklist for the instrument being checked, as set forth in appendices A to G to this rule.

"(1) A calibration check of a breath testing instrument is valid when the result of the calibration check is at target value plus or minus five one-thousandths (0.005) grams per two hundred ten liters. * * * "

In *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, the Ohio Supreme Court held that a motion to suppress is the proper pretrial procedure to challenge a breath-alcohol test when a defendant is charged with a violation of R.C. 4511.19(A)(3).[1] In *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130, the Ohio Supreme Court held that, to prove a defendant guilty of a violation of R.C. 4511.19(A)(3), the state has to show only that the defendant operated a

---

1. Upper Arlington City Code 353.01(B)(2) corresponds to the provisions of R.C. 4511.19(A)(3).

vehicle and that the result of defendant's chemical test was at the proscribed level. "The critical issue at trial is the accuracy of the test, not the behavior of the accused." *Newark* at 103, 532 N.E.2d at 133. "The accuracy of the test results is a critical issue in determining a defendant's guilt or innocence." *Defiance*, 60 Ohio St.3d at 3, 573 N.E.2d at 34.

In ruling on the motion to suppress, the trial court relied on *Pioneer v. Martin* (1984), 16 Ohio App.3d 478, 16 OBR 561, 476 N.E.2d 1098, which was followed by this court in *State v. Julien* (Aug. 4, 1988), Franklin App. No. 88AP–288, unreported, 1988 WL 81816; and *State v. Barry* (July 25, 1989), Franklin App. No. 88AP–1136, unreported, 1989 WL 83585. In all three cases, however, the only deviation from the requirements of the Ohio Administrative Code was that a second valid calibration test had been performed on the eighth day rather than the seventh day as required by Ohio Adm.Code 3701–53–04(A), and the calibrations in all three cases showed the machine to be in the proper working order. This case differs significantly from *Pioneer, Julien* and *Barry* in that here there was clear, unrebutted evidence that the machine was not in proper working order and that the malfunction could have occurred at any time subsequent to the calibration done on August 3, 1993. Given the critical pivotal role played by the test result in a prosecution for a violation of R.C. 4511.19(A)(3), or a comparable city ordinance, we find that the trial court erred in failing to sustain the motion to suppress, given the unrefuted evidence of the machine's malfunction.

Therefore, appellant's assignment of error is sustained, and this matter is remanded to the trial court for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and DESHLER, J., concur.