OPINION
Defendant-appellant, Bruce A. Vannatter, appeals his conviction for driving under the influence of alcohol. We affirm.
On January 24, 1997, Clermont County Deputy Sheriff, Mark Scranton, arrived at the scene of a two-car accident "right after it happened." According to Scranton, appellant was standing at the driver's side of his vehicle. Appellant told Scranton that he "had struck the other gentleman from behind and the other gentleman did not have taillights [sic] on his vehicle," so appellant did not know the other driver was stopping. The other driver confirmed this account. While speaking with appellant, Scranton noticed a "strong odor of alcohol on [appellant's] breath * * *." Appellant also had "glassy, bloodshot eyes and slurred speech." Scranton asked appellant to perform three field sobriety tests: the one leg stand, the horizontal gaze nystagmus, and the walk and turn. Appellant failed all three. Scranton then handcuffed appellant, put him in the backseat of his cruiser, and advised him of his Miranda rights. Later, appellant took a breath test using a CMI Intoxilyzer 5000. The result of the breath test was .266 or more than "ten-hundredths of one gram * * * by weight of alcohol per two hundred ten liters of his breath." See R.C. 4511.19(A)(3). Appellant was charged with driving under the influence of alcohol.
Appellant moved to dismiss the charges against him and to suppress the evidence in connection with his arrest. After a hearing on July 1, 1997, the trial court overruled both of appellant's motions. On August 5, 1997, appellant pled no contest and was found guilty of driving under the influence of alcohol, a misdemeanor of the first degree. See R.C. 4511.99(A)(1).
On appeal, appellant raises two assignments of error for review. In his first assignment of error, appellant contends that the trial court erred in overruling the motion to dismiss. Appellant appears to argue that his arrest was improper because Scranton had neither a warrant for his arrest nor probable cause to arrest him for driving while under the influence of alcohol. As a result, appellant argues, the evidence stemming from his arrest should be suppressed and the charges against him dismissed. We disagree.
"As a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence." State v. Henderson (1990), 51 Ohio St.3d 54,56, citing State v. Lewis (1893), 50 Ohio St. 179; R.C. 2935.03. In Oregon v. Szakovits (1972), 32 Ohio St.2d 271, the Ohio Supreme Court recognized an exception to this rule where police officers could reasonably conclude that an individual had been operating a motor vehicle shortly before the officer's arrival and the individual is "obviously under the influence." Szakovits,32 Ohio St.2d at 274. The court summarized the Szakovits exception in State v. Henderson as follows: "[W]e recognized an exception to [the rule that an officer may not make a warrantless arrest for a misdemeanor not committed in his presence] where the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol or drugs." Henderson, 51 Ohio St.3d at 56. Thus, where an officer has probable cause to make an arrest for a misdemeanor DUI violation, suppression of the evidence resulting from that arrest is not required solely because the offense did not occur in the presence of the officer. See City of Middletown v. McGuire (Oct. 9, 1995), Butler App. No. CA94-11-101, unreported.[1]
In this case, the record supports a finding that officer Scranton had probable cause to arrest appellant for driving under the influence of alcohol. The evidence at the hearing on the motions to dismiss and suppress established that appellant was operating a motor vehicle directly before Scranton arrived at the scene of the accident. Appellant's physical appearance (odor of alcohol, glassy eyes, slurred speech) and his failed field sobriety tests gave Scranton sufficient probable cause to believe he was under the influence of alcohol. See State v. Blankenship (Dec. 16, 1995), Clermont App. No. CA85-03-017, unreported (odor of alcohol and failing field sobriety tests give police officer probable cause to arrest for driving under the influence); McGuire, unreported, at 2. The combination of these factors provided Scranton with probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol. Szakovits, 32 Ohio St.2d at 274. Because appellant's arrest was legal, the evidence obtained as a result of his arrest is admissible unless excluded on other grounds. See Henderson,51 Ohio St.3d at 57. Accordingly, we find that the trial court properly overruled appellant's motion to dismiss.
In his second assignment of error, appellant complains that the trial court erred to his prejudice when it did not suppress the results of his breathalyzer test. Appellant argues that the breath testing machine was not calibrated within seven days after his test as required by Ohio Adm. Code 3701-53-04(a). Instead, the machine was calibrated seven days and thirty-nine minutes after appellant's test was administered.
In State v. Maddox (Nov. 24, 1986), Preble App. No. CA86-04-008, unreported, we rejected the argument that the state must show proper post-test calibrations of the breath test machine. Quoting Pioneer v. Martin (1984), 16 Ohio App.3d 478, we concluded that:
 so long as the proper pre-test calibration of the intoxilyzer machine occurs, the test result is admissible as evidence. "* * * [T]he question regarding a subsequent calibration * * * is no longer an issue. * * *"
Maddox, unreported, at 7, accord, City of Middletown v. Downs (Mar. 19, 1990), Butler App. No. CA89-06-094, unreported; State v. Mueller (June 3, 1996), Warren App. No. CA95-06-068, unreported. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Appellant argues that because Szakovits involved an accident with injuries to the defendant, the Szakovits exception applies only in cases involving accidents with injuries. We reject this argument as it misses the point of Szakovits entirely. Neither the occurrence of an accident nor an injury is a prerequisite to the applicability of the Szakovits exception. See McGuire.