DECISION AND JUDGMENT ENTRY
In this matter, the state appeals an order of the Norwalk Municipal Court, suppressing the results of a breath test in an OMVI case. Because we conclude that the trial court did not err in determining that the state failed to establish that the breath testing device was in good working order, we affirm.
Shortly before midnight on July 26, 2000, an Ohio highway patrol trooper observed appellee, Terry L. Osborne, riding a motorcycle on a state highway in Huron County. The trooper followed appellee for some distance, during which he saw the motorcycle repeatedly weave within its lane. The trooper stopped appellee and observed that he had glassy eyes and a strong odor of an alcoholic beverage about his person. The trooper then requested that appellee perform certain field sobriety tests. The trooper later testified that appellee performed poorly on these tests. The trooper transported appellee to the patrol post where a breath test was administered using the post's BAC Datamaster. Appellee registered an equivalent blood/alcohol content of .123 percent on the test and was charged with OMVI under both R.C. 4511.19(A)(1) and (A)(3).
On July 29, 2000, three days after appellant's test and during the weekly calibration on the BAC Datamaster, the machine registered a low temperature reading. The trooper conducting the calibration test attempted to reset the machine, but when he did so the unit refused to accept a reading card and, eventually, began to smoke. The machine was taken out of service and sent to its manufacturer for repair.
Appellee pled not guilty to the OMVI charge and moved to suppress the stop, the field sobriety tests, and the results of his breath tests. The trial court conducted a suppression hearing, following which it suppressed the results of the field sobriety tests and the breath test. The state now brings this appeal challenging only the trial court's decision to suppress the results of the breath test. The state sets forth the following single assignment of error:
 "The Trial Court erred by granting the defendant's Motion to Suppress holding `that due to the malfunction of the breath test device on the calibration test subsequent to the defendant's test, the state was unable to meet its burden to demonstrate that the machine was in proper working order and therefore the results of the breath test are suppressed."
R.C. 4511.19(A)(2), (3) and (4), the prohibited alcohol content sections of the driving under the influence of alcohol statute, are perse violations. Newark v. Lucas (1988), 40 Ohio St.3d 100, 103. The offenses delineated require no finding that the defendant operated a vehicle while under the influence of alcohol, but only that the defendant operated a vehicle and that his or her chemical test was above the proscribed level. Id. This is strict liability and makes the accuracy of the test results critical in determining guilt or innocence. Defiance v.Kretz (1991), 60 Ohio St.3d 1, 3.
In a motion to suppress, as at trial, the burden is on the state to prove that a chemical alcohol level test was performed by a qualified operator utilizing equipment which was in proper working order. Mentor v.Giordano (1967), 9 Ohio St.2d 140 at paragraph six of the syllabus. To meet this burden, R.C. 4511.19(D) requires that the analysis of a defendant's blood, breath or urine must be performed, "* * * in accordance with methods approved by the director of health * * *." However, substantial compliance with the director of health's rules are sufficient to satisfy the statute. State v. Plummer (1986),22 Ohio St.3d 292, 295.
The director's rules with respect to chemical breath test checks have been promulgated and codified in Ohio Adm. Code 3701-53-04(A), which provides:
 "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments * * * no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."
When the results of an instrument check are outside the range specified in the rule, "* * * the instrument shall not be used until the instrument is serviced." Ohio Adm. Code 3701-53-04(A)(1).
Before us is the legal validity of a breath test conducted after a calibration test correctly registered within the prescribed limits, but three days before the testing instrument unquestionably malfunctioned. A Franklin county court faced a similar question in Upper Arlington v.Kimball (1994), 95 Ohio App.3d 630. Kimball was arrested for OMVI on August 6, 1993, and tested above the prohibited alcohol content level on a BAC Verifier machine which was within parameters on August 3, 1993. However, on August 10, 1993, the machine would not meet the requirements of Ohio Adm. Code 3705-53-04.
The trial court overruled Kimball's motion to suppress the test results, but the court of appeals reversed. The court distinguished several cases which held that instrument checks conducted outside of the code's seven-day testing period substantially complied with the rule. "This case differs significantly from [those cases], in that here there is clear unrebutted evidence that the machine was not in proper working order and that the malfunction could have occurred at any time subsequent to calibration done on August 3, 1993." Kimball at 633. The appeals court later explained its own ruling in Kimball as follows:
 "[W]hen a machine produces a valid calibration result within this seven day period, all breath tests administered in between valid calibration proceedings will be deemed analyzed by a properly calibrated machine. If a machine fails to produce a proper calibration result in the calibration check, either immediately preceding or immediately subsequent to a defendant's breath test, the test results shall be suppressed because of the possibility that the malfunction could have occurred at any time subsequent to the previous calibration." State v. Roush (May 27, 1997), Franklin App. No. 96APC10-1389, unreported at 4-5.
The holding of Kimball and Roush are well-reasoned and would ordinarily resolve this matter. However, at the suppression hearing, the state called John D. Fusko, the chief operating officer of the company that manufactures and services the BAC Datamaster, as an expert witness. Fusko testified that the reason the instrument malfunctioned on July 29, 2000 was the failure of its power supply. He also voiced his opinion that the machine was operating properly when it analyzed appellee's test. He based this opinion on the internal computerized diagnostic checks that the BAC Datamaster is programed to perform automatically prior to any tests. According to Fusko, if the Datamaster's internal checks had detected anomalous readings, "* * * the instrument does not run. It will simply abort."
John Fusko's testimony in this matter is unavailing to the state in two respects. As a matter of law, we must presume that the Director of Health was aware of the internal checks contained in the BAC Datamaster, yet did not have sufficient confidence in the efficiency of this check to exempt the machine from the required weekly calibration tests. As an issue of fact, appellee properly notes that the trier of fact is afforded great deference in weighing the evidence and determining the credibility of the witnesses. See State v. DeHaas (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In this case, the trial court could have viewed with scepticism claims of a device's infallibility presented by one who derives at least some measure of his income from the manufacture, sale and service of such a device.
In either case, the trial court's decision to suppress appellee's test is supported by the record. Accordingly, the state's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Norwalk Municipal Court is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.