OPINION
{¶ 1} Appellant Sandra Allen ("appellant") appeals the decision of the Licking County Municipal Court that denied her motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On the evening of July 3, 2004, Officer Greg Bushee stopped appellant's boat, on Buckeye Lake, in order to perform a vessel safety check. As he pulled alongside appellant's boat, he observed several open containers of alcohol on board. Upon talking to appellant, Officer Bushee noticed appellant's eyes were bloodshot, her speech was slurred, her breath smelled of alcohol and her balance was poor. Officer Bushee explained to appellant, several times, the purpose of the stop.
 {¶ 3} Thereafter, Officer Bushee asked appellant to go to shore in order to conduct field sobriety tests. Officer Bushee performed the walk-and-turn test, finger-to-nose test and one-leg stand test. Appellant failed all three tests. Officer Bushee placed appellant, under arrest, and transported her to the Buckeye Lake Police Department where she consented to a breath test. Appellant tested .175 grams of alcohol per 210 liters of breath. Officer Bushee charged appellant with operating a vessel while under the influence of alcohol, operating a vessel with a prohibited concentration of alcohol in the breath, operating a vessel without a sufficient number of life saving devices and publicly consuming alcohol or displaying an intoxicating beverage while on Buckeye Lake State Park.
 {¶ 4} On November 10, 2004, appellant filed a motion to suppress challenging both the field sobriety tests and breathalyzer test. The trial court denied appellant's motion on January 25, 2005. At a pretrial conducted on February 14, 2005, appellant pled no contest, to the above charges, and the trial court sentenced her to six days incarceration.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE LICKING COUNTY MUNICIPAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OF A STANDARDIZED FIELD SOBRIETY TEST.
 {¶ 7} "II. THE LICKING COUNTY MUNICIPAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OF A BREATHALYZER TEST."
 I {¶ 8} In her First Assignment of Error, appellant maintains the trial court erred when it denied her motion to suppress evidence of standardized field sobriety tests. We disagree.
 {¶ 9} There are three methods that may be used, on appeal, to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 10} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger, supra.
 {¶ 11} In the case sub judice, appellant claims the trial court incorrectly decided the ultimate or final decision raised in her motion to suppress. Accordingly, we will review this assignment of error under a de novo standard of review. Appellant maintains Officer Bushee deviated, from the established testing methods, when he instructed her to perform the finger-to-nose test and walk-and-turn test. As to the finger-to-nose test, appellant contends Officer Bushee was not trained to perform this test and that this test is not contained, in the officer's instruction manual, as a recognized and permissible field sobriety test.
 {¶ 12} In its judgment entry overruling the motion to suppress, the trial court began its analysis by noting that it would address appellant's motion to exclude evidence of standardized field sobriety testing under a strict compliance standard. Judgment Entry, Feb. 11, 2005, at 3. The Ohio Supreme court first recognized the strict compliance standard in Statev. Homan, 89 Ohio St.3d 421, 2000-Ohio-212. In Homan, the Court held, in paragraph one of the syllabus, as follows:
 {¶ 13} "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures."
 {¶ 14} In response to the Homan decision, the General Assembly amended R.C. 4511.19. "Under the amended statute, the arresting officer no longer needs to have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial. Instead, an officer may now testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards." State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, at ¶ 9. Thus, it is the substantial compliance standard contained in R.C. 4511.19(D)(4)(b) that we will utilize in addressing appellant's First Assignment of Error.
 {¶ 15} In its judgment entry denying appellant's motion to suppress, the trial court recognized the finger-to-nose test as a non-standardized test. Judgment Entry, Feb. 11, 2005, at 2. Thus, the trial court did not address the issue of whether Officer Bushee substantially complied with the testing procedures, as it pertains to the finger-to-nose test, since it found the test to be a non-standardized test. We conclude the issue of whether Officer Bushee administered the finger-to-nose test, in compliance with the National Highway Traffic Safety Administration ("NHTSA") Manual, is irrelevant because this test is not recognized by the NHTSA Manual.
 {¶ 16} However, had this matter gone to trial, Officer Bushee could have testified about appellant's performance, on the finger-to-nose test, because "[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests."State v. Schmitt, 101 Ohio St.3d 79, syllabus, 2004-Ohio-37.
 {¶ 17} Appellant also alleges that Officer Bushee failed to strictly comply, with the testing procedures, when he instructed appellant to perform the walk-and-turn test. Specifically, appellant raises the fact that on cross-examination, Officer Bushee admitted to instructing appellant to take ten steps, rather than nine steps, as instructed in the NHTSA Manual. Tr. Suppression Hrng., Nov. 11, 2005, at 29-30. The trial court found that appellant did not present any evidence that Officer Bushee failed to strictly comply, with testing procedures, for the walk-and-turn test. Judgment Entry, Feb. 11, 2005, at 3. Officer Bushee testified as follows concerning his instructions, to appellant, as to the walk-and-turn test:
 {¶ 18} "Q. * * * And how is it that you described and conducted the walk and turn with the defendant?
 {¶ 19} "A. * * * I instructed her to heel to toe, go out ten (10) steps, pivot on her left foot and walk back.
 {¶ 20} "Q. And how did she do on that?
 {¶ 21} "A. * * * [O]n the heel to toe she was unable to stay on the line and I had to explain it to her a couple of different times. I demonstrated it to her also.
 {¶ 22} "Q. Did you demonstrate the whole thing or just a few steps?
 {¶ 23} "A. I demonstrated all of them to her. All three (3) tests." Tr. Suppression Hrng., Nov. 11, 2005, at 11-12.
 {¶ 24} Based upon the above testimony, we conclude that even though Officer Bushee instructed appellant to take ten steps rather than nine steps, the officer substantially complied with the requirements of the NHTSA Manual and therefore, the trial court did not err when it denied appellant's motion to suppress evidence regarding the heel-to-toe test. The record establishes that Officer Bushee had to explain the test to appellant several times, appellant could not touch her feet heel to toe and appellant fell off the line as she attempted to perform the test.
 {¶ 25} Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 26} Appellant maintains, in her Second Assignment of Error, the trial court erred when it denied her motion to suppress the breathalyzer test. We disagree.
 {¶ 27} In support of this assignment of error, appellant refers to alleged malfunctions of the breathalyzer machine. The first malfunction was discovered on July 6, 2004, three days after appellant was tested. On this date, the breathalyzer machine was tested with solution bottle 401. The test revealed the machine was not running properly and solution bottle 401 was replaced with solution bottle 406. Id. at 62. Officer Bruce Edwards, the person responsible for calibrating the breathalyzer machine, testified that he switched from solution bottle 406 to solution bottle 401 because the machine would not calibrate. Id. Officer Edwards explained that sometimes it is necessary to switch bottles because the solution weakens over time. Id.
 {¶ 28} Based upon the above testimony of Officer Edwards, appellant cites the case of City of Upper Arlington v. Kimball
(1994), 95 Ohio App.3d 630, wherein the Tenth District Court of Appeals suppressed the results of a breathalyzer test because a calibration failure occurred four days after the defendant's breathalyzer test. Id. at 633. The court concluded that the machine was not in proper working order at the subsequent check and it could not be determined when the malfunctioning began between the two instrument checks. Id.
 {¶ 29} We find the Kimball decision distinguishable from the case sub judice because in Kimball, after running three calibration tests, none of the tests met the requirements of Ohio Adm. Code 3705-53-04. Id. at 632. Section (A)(2) of Adm. Code 3705-53-04 provides, in pertinent part:
 {¶ 30} "* * * An instrument check result which is outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of approved instrument check solution. If this instrument check result is also out of range, the instrument shall not be used until the instrument is serviced."
 {¶ 31} However, in the matter currently before the Court, once Officer Edwards changed from solution bottle 406 to solution bottle 401, the instrument check result was inside the permitted range. Therefore, unlike the Kimball case, after changing the solution bottle, the breathalyzer machine tested within the permitted range. Thus, the trial court did not err when it denied appellant's motion to suppress on the basis that the breathalyzer machine did not test within the permitted range.
 {¶ 32} Appellant also argues, under this assignment of error, that a breath tube warming problem discovered thirty-three days after appellant's test on July 3, 2004, affected the test results. The record indicates the breathalyzer machine in question was taken out of service on August 5, 2004, due to the fact that a particular tube on the machine was not warming properly. Officer Edwards testified that the tube is heated in order to prevent moisture and condensation from accumulating in the hose. Tr. Suppression Hrng., Nov. 11, 2005, at 70. Patrolman Edwards specifically indicated that he did not know what effect this problem would have on either calibration checks or actual tests. Id. Further, appellant presented no evidence that the failure to heat the tube would have any effect on the accuracy of the test results. As such, the trial court did not err when it denied appellant's motion to suppress due to a heating problem with one of the tubes on the breathalyzer machine.
 {¶ 33} Appellant's Second Assignment of Error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Licking County Municipal Court, Newark, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Newark, Ohio, is affirmed.
Costs assessed to Appellant.