{¶ 33} Defendant argues that the trial court erred when it found that the State had proved substantial compliance with O.A.C. 3701-53-04(A)(1), because even if one may infer from the State's evidence that Defendant's breath "test was administered within a six day window from the last calibration, there was absolutely no evidence to show when the subsequent calibration would have been performed." (Brief, p. 6).
 {¶ 34} O.A.C. 3701-53-04(A)(1) states: "A senior operator shall perform an instrument check on approved evidential breath testing instruments . . . no less frequently than once very seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D of this rule . . .", and also that "[t]he instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."Id.
 {¶ 35} Defendant construes the seven day requirement in O.A.C. 3701-53-04(A)(1) to require proof of a second instrument check within seven days following the first. The State's evidence concerned only a prior instrument check.
 {¶ 36} Defendant's contention is founded on the view that proof of both instrument checks is required in order to assume that a breath test conducted within the seven day time is reliable. We previously rejected that contention, holding that "[i]f a proper and timely pretest calibration of the intoxilyzer is made the test result is admissible in evidence." State v.McDaniel (Feb. 25, 1988), Champaign App. No. 87CA11, citingPioneer v. Martin (1984), 16 Ohio App. 3d 478.
 {¶ 37} And yet, if the regulation requires only proof of a calibration check performed within the seven days prior to a breath test, the regulation presumably would have employed a "no later than seven days after" requirement with respect to when a challenged breath test was performed. That it didn't, and instead focuses on the checks and when they were made, lends support to Defendant's contention. Further support is found in the one hundred and ninety-two hour extension provision in O.A.C. 3701-53-04(A)(1), which appears to address the circumstance in which the second test is conducted on the seventh calendar day following the first but not within one hundred and sixty-eight hours (seven "days") thereafter. See State v. Wolfert (March 11, 1995), Washington App. No. 95CA23. If proof of a second test isn't required, it shouldn't matter how long after the first the second test was conducted.
 {¶ 38} Though it relies on the holding of Pioneer v. Martin
and other cases, which have held that proof of a second test isn't required, the majority suggests that an omission to prove the second is excused by the substantial compliance rule, which applies because Defendant did not argue this particular failure to comply with O.A.C. 3701-53-04(A)(1) in support of his motion to suppress. State v. Williams (April 24, 1998), Montgomery App. No. 16554. However, if a timely second check is necessary to comply with the regulation, absent proof of any second test compliance cannot be shown in any form, either strict or substantial.
 {¶ 39} I nevertheless agree that Defendant's assignment of error which relies on this argument should be overruled. It was rejected by the magistrate, and per Traf.R. 14(C) and Crim.R. 21(E)(2)(b) "[a] party shall not assign as error on appeal the court's adoption of the magistrate's decision unless the party has timely objected to the magistrate's decisions." Id.
Defendant filed objections to the magistrate's decision, but none of his objections concerned the timely second calibration check contention he raises on appeal. Therefore, the error he assigns was waived and his conviction should be affirmed for that reason.