DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael Akers, appeals his conviction in the Municipal Court of Ironton for operating a vehicle while under the influence of alcohol ("OVI") in violation of RC. 4511.19(A)(4).[1]
Appellant contends that the trial court erred in denying his motion to suppress the results of an alcohol breath test. In support of his contention, he argues that the BAC Datamaster that was used rendered unacceptable results on the instrument checks performed before and after his breath test Thus, Appellant argues *Page 2 
that law enforcement failed to comply with the requirements set forth in OAC 3701-53-04(A). We agree, in part, with Appellant. Because we find that the instrument check conducted on the BAC Datamaster subsequent to Appellant's breath test yielded unacceptable results, and because no follow-up test was performed with a different solution to determine if the machine was in proper working order, we conclude that law enforcement did not satisfy the requirements of OAC 3701-53-04(A), which requires that instrument checks be performed once every seven days to determine proper functionality of the equipment. Thus, we conclude that the trial court erred in denying Appellant's motion to suppress the results of the BAC Datamaster test. Accordingly, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 2} This matter is presently before this court on an App.R. 9(C) Agreed Statement of Facts, which is set forth verbatim as follows:
 `On January 22, 2006, at 6:58 p.m., the Defendant herein was stopped by a Lawrence County Sheriffs Deputy and ultimately charged with Driving Under the Influence in violation of ORC 4511.19(A)(4). As a result of the arrest, the Defendant submitted to a Breath Analysis that yielded a result of .110 g/210L. During the trial Court phase, the Defendant raised, through a motion to suppress, the apparent malfunctioning of the machine used to perform the breath analysis. Both the Defendant and the State filed written memorandum with the Court and the matter was submitted without a hearing as the facts related to the breath testing equipment were not disputed. The trial Court considered the pleadings and denied the Defendant's motion by entry of May 17, 2006. The Defendant then entered a plea of No Contest to the charges against him. *Page 3 
 {¶ 3} The pertinent facts related to the breath analysis in this case are undisputed and as follows:
 1. As is required by ODH regulations, the machine in question was tested to determine appropriate functionality on January 17, 2006. The machine was tested against a solution with a target value of .100 g/210L. The solution was bottle 405 from batch 5140. The test yielded a result of .093 g/210L. (See attached Exhibit A)[2]
 2. A second test was performed on the same day using solution bottle 398 from the same batch with a target level of .100 g/210L. That test yielded a result of .095. (See attached Exhibit B)
 3. On January 22, 2006 the breath test in this case was administered.
 4. On the next day, January 23, 2006, the machine was again tested for accuracy. This test was conducted using solution from bottle 398, the same solution used in the second test of January 17, 2006, with a target result of .100 g/210L. The machine again yielded a result of .092 g/210L. (See attached Exhibit C)
 5. There were no other tests performed on the machine to determine whether it was working properly between January 17, 2006 and January 22, 2006.
 6. The machine was replaced by an entirely new unit on January 31, 2006. (See attached Exhibit D." (sic)
 {¶ 4} It is from the trial court's denial of his motion to suppress that Appellant now brings his appeal, assigning the following error for our review: *Page 4 
 {¶ 5} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPRESS THE RESULTS OF THE BREATH TEST ADMINISTERED IN THIS CASE WHERE THE BAC DATAMASTER THAT WAS USED RENDERED UNACCEPTABLE RESULTS ON THE INSTRUMENT CHECKS PERFORMED BEFORE AND AFTER THE BREATH TEST IN THIS CASE."
 {¶ 6} Our review of a decision on a motion to suppress presents mixed questions of law and fact. State v. McNamara (1997),124 Ohio App.3d 706, 710, 707 N.E.2d 539, citing United States v. Martinez (C.A.1 1, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.McNamara at 710; citing State v. Carter (1995), 72 Ohio St.3d 545, 552,651 N.E.2d 965. A reviewing court must uphold a trial court's findings of fact if competent, credible evidence in the record supports them.McNamara at 710; citing State v. Guysinger (1993), 86 Ohio App.3d 592,594, 621 N.E.2d 726. A reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case.State v. Anderson (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034. Again, as previously noted, this case is before us on an App.R. 9(C) Agreed Statement of Facts; thus, the facts have been stipulated by the parties. *Page 5 
 {¶ 7} The results of an alcohol content test administered pursuant to R.C. 4511.19 may be admitted into evidence upon a showing that the test was administered in accordance with DOH regulations. See Cincinnati v.Sand (1975), 43 Ohio St. 3d 152, 797 N.E.2d 908, paragraph two of the syllabus. The state need not prove strict or perfect compliance with DOH regulations, but rather, must prove "substantial compliance" with the regulations in order for the test results to be admissible. State v.Burnside (2003), 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 27; State v. Plummer (1986), 22 Ohio St.3d 292, 294, 490 N.E.2d 902. Only errors that are clearly de minimis in nature are excusable.Burnside at ¶ 34. Included in this definition of excusable errors are "minor procedural deviations." Id., quoting State v. Homan (2000),89 Ohio St.3d 421, 426, 732 N.E.2d 952.
 {¶ 8} Appellant asserts that the trial court erred in denying his motion to suppress the results of his breath test because the BAC Datamaster that was used rendered unacceptable results on the instrument checks performed before and after his breath test. OAC 3701-53-04(A) provides, in pertinent part, as follows:
 "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments * * * no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. * * * *Page 6 
 (2) * * * An instrument check result is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. An instrument check result which is outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of approved instrument check solution. If this instrument check result is also out of range, the instrument shall not be used until the instrument is serviced."
 {¶ 9} After a review of the record, we agree, in part, and disagree, in part, with Appellant's contentions. First Appellant argues that the instrument check performed on January 17, 2006, prior to his breath test, yielded unacceptable results. We disagree. The agreed statement of facts clearly provides that the first instrument check performed on January 17, 2006, yielded unacceptable results that were not within the accepted margin of error. As a result, a second test was conducted on the same day, with a different bottle of solution, which yielded an acceptable result of .095. As such, law enforcement substantially complied with the requirements of OAC 3701-53-04(A) as to the instrument check conducted prior to Appellant's breath test.
 {¶ 10} In his brief, Appellant argues that second instrument check on January 17, 2006 "yielded a result of .095, right at, but not `within' the tolerable error level." We disagree with Appellant's contention that the second instrument check resulted in an unacceptable reading. Appellant *Page 7 
cites no authority in support of his argument, nor can we find any authority to support such a view. Further, this Court has previously recognized a reading of .095, with a target value of .100, to be within the accepted margin of error provided by OAC 3701-53-04(A). SeeState v. Gattrell (Aug. 12, 1993), Pike App. No. 93CA502, 1993 WL 303247
(reasoning that "the range of valid calibration tests would be .095 to .105" in light of a target value of . 10). Thus, we find that law enforcement substantially complied with the requirements imposed by OAC 3701-53-04(A) with respect to the instrument check it performed prior to Appellant's breath test.
 {¶ 11} However, Appellant also challenges the validity of the instrument check performed on January 23, 2006, which was conducted subsequent to his January 22, 2006 breath test. The State concedes that the instrument check conducted subsequent to Appellant's breath test yielded unacceptable results; however, it argues that the only relevant instrument check is the check conducted prior to Appellant's breath test. The agreed facts provide that an instrument check was performed on the BAC Datamaster on January 23, 2006, the day after Appellant's breath test. That check yielded an unacceptable result of .092, which is clearly outside the tolerable margin of error. Curiously, there is no indication *Page 8 
that a follow-up test was performed that day, using a different bottle of solution, to determine if the machine was operating correctly. Rather, the facts indicate the machine was apparently just replaced with a new machine. Thus, one could conclude that it was decided that the machine was malfunctioning and needed to be replaced.
 {¶ 12} In light of these circumstances, we conclude that it would be impossible to determine when, in fact, the machine began malfunctioning, leaving the possibility open that the machine was not in proper working order at the time of Appellant's breath test. See, Upper Arlington v.Kimball 95 Ohio App.3d 630, 643 N.E.2d 177 (holding that "the malfunction could have occurred at any time subsequent to the calibration done [prior to the appellant's breath test]," where the calibration conducted subsequent to the appellant's breath test yielded three unacceptable readings).
 {¶ 13} OAC 3701-53-04(A) does not expressly require that an instrument check be performed both prior to and after the administration of a breath test; however, a practical application of the regulation results in such a practice. Further, although "OAC 3701-53-04(A) does not indicate that either a prior or subsequent instrument check controls the determination of the validity of any defendant's results, * * * the *Page 9 
obvious, although unstated, rational for the rule is to show that the equipment was working properly both before and after any given individual test." Ohio Driving Under the Influence Law, 2007 Ed., § 7:13. We are further persuaded by the following reasoning in that treatise:
 "A satisfactory instrument check obtained once every seven days inferentially establishes that the instrument was working properly for all individual tests conducted during the interval between instrument checks. * * * Because OAC 3701-53-04(A) does not state that only a showing of a proper prior instrument check is relevant, this construction would be, on the surface, illogical. Common sense dictates that if only one of two instrument checks performed prior or subsequent to a defendant's test would be relevant, the subsequent instrument check would be the more significant of the two. The subsequent instrument check would more accurately demonstrate instrument condition at the time of the test by showing that the equipment was at least accurate subsequent to a defendant's test." Id.
 {¶ 14} Thus, we conclude that although the instrument check performed prior to Appellant's breath test demonstrated that the BAC Datamaster was in proper working order, the lone instrument check conducted subsequent to Appellant's test demonstrated that the machine was malfunctioning. Because a second test, with a different solution, was not performed, we are left with no choice but to conclude that the machine was not operating correctly. This conclusion is further supported by the fact that the machine was replaced a week later with a new machine. Because law enforcement did not substantially comply *Page 10 
with OAC 3701-53-04(A) with respect to the instrument check conducted subsequent to Appellant's breath test, the trial court erred in denying Appellant's motion to suppress the results of the BAC Datamaster. Accordingly, we reverse this matter and remand to the trial court for further proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 4511.19 has been amended since Appellant's offense. We apply the version of R.C. 4511.19 that was in effect at the time of the offense. State v. Crace, Ross App. No. 04CA2801, 2005-Ohio-5274, at fn. 1; citing State v. Young, Ross App. No. 04CA2765, 2004-Ohio-4730, at fn.1.
[2] Exhibit A, B, C and D consist of copies of the BAC Datamaster Instrument Check Forms at issue in this case. *Page 1