OPINION *Page 2 
{¶ 1} Defendant-appellant Robert O. Linard, Jr. appeals the May 23, 2008 Judgment Entry entered by the Tuscarawas County Court of Common Pleas overruling his motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 20, 2007, Appellant was arrested for operating a vehicle while intoxicated, and transported to the New Philadelphia Post 79 of the Ohio State Highway Patrol for a breath test. The BAC DataMaster chemical breath test produced a test result of .101g/210L of breath.
 {¶ 3} On December 3, 2007, a Tuscarawas Grand Jury indicted Appellant on four counts of operating a vehicle while under the influence of alcohol, one count of driving under suspension, and one count of failure to display license plates.
 {¶ 4} On April 17, 2008, Appellant filed a motion to suppress the BAC DataMaster breath results due to machine malfunction. Following a hearing on the motion, the trial court overruled the motion to suppress via Judgment Entry of May 23, 2008.
 {¶ 5} On June 3, 2008, Appellant entered a plea of no contest to two counts of operating a vehicle with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(1)(d); one count of driving under suspension, in violation of R.C. 4510.14; and one count of failure to display license plates, in violation of R.C. 4503.21. The trial court entered a finding of guilty to the charges, and proceeded to sentencing.
 {¶ 6} Appellant now appeals the May 23, 2008 Judgment Entry overruling his motion to suppress, assigning as error: *Page 3 
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF HIS BREATH TEST WHEN TWO SUBSEQUENT INTRUMENT [SIC] CHECKS RESULTED IN THE BAC DATAMASTER BEING REMOVED FOR REPAIRS DUE TO MALFUNCTIONING."
 {¶ 8} Our review of a decision on a motion to suppress presents mixed questions of law and fact. State v. McNamara (1997),124 Ohio App.3d 706, 710, 707 N.E.2d 539, citing United States v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.McNamara at 710; citing State v. Carter (1995), 72 Ohio St.3d 545, 552,651 N.E.2d 965. A reviewing court must uphold a trial court's findings of fact if competent, credible evidence in the record supports them.McNamara at 710; citing State v. Guysinger (1993), 86 Ohio App.3d 592,594, 621 N.E.2d 726. A reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case.State v. Anderson (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034.
 {¶ 9} The results of an alcohol content test administered pursuant to R.C. 4511.19 may be admitted into evidence upon a showing that the test was administered in accordance with DOH regulations. See Cincinnati v.Sand (1975), 43 Ohio St.3d 152, 797 N.E.2d 908, paragraph two of the syllabus. The state need not prove strict or perfect compliance with DOH regulations, but rather, must prove "substantial compliance" with the regulations in order for the test results to be admissible. State v.Burnside (2003), 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 27; State v. Plummer (1986), 22 Ohio St.3d 292, 294, 490 N.E.2d 902. Only errors that are clearly *Page 4 
de minimis in nature are excusable. Burnside at ¶ 34. Included in this definition of excusable errors are "minor procedural deviations."Id., quoting State v. Homan (2000), 89 Ohio St.3d 421, 426,732 N.E.2d 952.
 {¶ 10} Appellant asserts the trial court erred in denying his motion to suppress the results of his breath test because the BAC Datamaster used during the test malfunctioned.
 {¶ 11} OAC 3701-53-04(A) provides, in pertinent part, as follows:
 {¶ 12} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments listed under paragraphs (A)(1), (A)(2), and (B) of rule 3701-53-02 no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 {¶ 13} "(1) The instrument shall be checked to detect radio frequency interference (RFI) using a hand-held radio normally used by the law enforcement agency performing the instrument check. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.
 {¶ 14} "(2) An instrument shall be checked using a solution containing ethyl alcohol approved by the director of health. An instrument check result is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that approved solution. An instrument check *Page 5 
result which is outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of approved solution. If this instrument check result is also out of range, the instrument shall not be used until the instrument is serviced or repaired."
 {¶ 15} On November 19, 2007, the BAC DataMaster machine used to test Appellant was calibrated, resulting in a reading of .098g/210L of breath at target value of .100g/210L of breath. The reading was within the margin of error permitted by OAC 3701-53-04(A)(1).
 {¶ 16} As set forth above, Appellant was arrested and tested on the machine on November 20, 2007. The test read .101g/210L of breath.
 {¶ 17} A subsequent calibration check was performed on November 26, 2007 for the same BAC DataMaster machine. The first attempt did not show a reading on the printout due to radio frequency interference (RFI). Approximately four hours later, another calibration check was performed using the same solution bottle number 312, and the instrument check resulted in a reading of .088g/210L with a target value of .100g/210L of breath, outside the margin of error. As a result, the machine was taken out of service for calibration error and radio frequency interference, and sent out for repairs.
 {¶ 18} In State v. Akers, 2007-Ohio-1684, the Fourth District Court of Appeals addressed this identical issue in a case factually similar to that at hand, concluding:
 {¶ 19} "In light of these circumstances, we conclude that it would be impossible to determine when, in fact, the machine began malfunctioning, leaving the possibility open that the machine was not in proper working order at the time of Appellant's breath *Page 6 
test. See, Upper Arlington v. Kimball 95 Ohio App.3d 630, 643 N.E.2d 177
(holding that "the malfunction could have occurred at any time subsequent to the calibration done [prior to the appellant's breath test], where the calibration conducted subsequent to the appellant's breath test yielded three unacceptable readings)."
 {¶ 20} "OAC 3701-53-04(A) does not expressly require that an instrument check be performed both prior to and after the administration of a breath test; however, a practical application of the regulation results in such a practice. Further, although `OAC 3701-53-04(A) does not indicate that either a prior or subsequent instrument check controls the determination of the validity of any defendant's results, * * * the obvious, although unstated, rational for the rule is to show that the equipment was working properly both before and after any given individual test.' Ohio Driving Under the Influence Law, 2007 Ed., § 7:13. We are further persuaded by the following reasoning in that treatise:
 {¶ 21} "`A satisfactory instrument check obtained once every seven days inferentially establishes that the instrument was working properly for all individual tests conducted during the interval between instrument checks. * * * Because OAC 3701-53-04(A) does not state that only a showing of a proper prior instrument check is relevant, this construction would be, on the surface, illogical. Common sense dictates that if only one of two instrument checks performed prior or subsequent to a defendant's test would be relevant, the subsequent instrument check would be the more significant of the two. The subsequent instrument check would more accurately demonstrate instrument condition at the time of the test by showing that the equipment was at least accurate subsequent to a defendant's test.' Id. *Page 7 
 {¶ 22} "Thus, we conclude that although the instrument check performed prior to Appellant's breath test demonstrated that the BAC Datamaster was in proper working order, the lone instrument check conducted subsequent to Appellant's test demonstrated that the machine was malfunctioning. Because a second test, with a different solution, was not performed, we are left with no choice but to conclude that the machine was not operating correctly. This conclusion is further supported by the fact that the machine was replaced a week later with a new machine. Because law enforcement did not substantially comply with OAC 3701-53-04(A) with respect to the instrument check conducted subsequent to Appellant's breath test, the trial court erred in denying Appellant's motion to suppress the results of the BAC Datamaster. Accordingly, we reverse this matter and remand to the trial court for further proceedings consistent with this opinion."
 {¶ 23} We agree with the Fourth District's rationale and conclusion inAkers. We recognize this conclusion is inapposite to our prior decisions in State v. Franz, 2005-Ohio-1755, Knox Co. App. No. 04-CA-000013 andState v. Parker (May 9, 1995), Perry Co. App. No. 94-CA-483.
 {¶ 24} Because we find the instrument check conducted on the BAC Datamaster subsequent to Appellant's breath test yielded unacceptable results, and because no follow-up test was performed with a different solution to determine if the machine was in proper working order, we conclude the State did not satisfy the requirements of OAC 3701-53-04(A). The trial court erred in denying Appellant's motion to suppress the results of the BAC Datamaster test. Accordingly, we reverse the decision of the trial *Page 8 
court, vacate Appellant's convictions and sentence and remand this case for furtherproceedings consistent with this opinion and the law.
By: Hoffman, P.J., Edwards, J. concurs, Wise, J. dissents *Page 9